# State of Vermont v. Donna Galvin

[514 A.2d 705]

No. 84-427

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed June 27, 1986

*William D. Wright*, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*Katherine A. Hayes*, Bennington County Public Defender, Bennington, for Defendant-Appellant.

**Gibson, J.** Defendant Donna Galvin appeals from her conviction, after a jury trial, of two charges of simple assault on a police officer, in violation of 13 V.S.A. §§ 1023(a)(1) and 1028. Defendant asserts that she was entitled to an instruction permitting the jury to conclude that her voluntary intoxication negated both her intent to commit simple assault under § 1023 and the specific intent to assault a police officer, resulting in an enhanced sentence under § 1028. We agree with defendant's latter argument, and reverse.

Defendant became intoxicated while at a private residence. After she began "engaging in self-destructive behavior," a friend called the local rescue squad, which took the defendant to the emergency room of a local hospital. Trooper James Baker accompanied the rescue squad to the hospital in his cruiser and remained at the hospital while defendant was being examined.

After about ten minutes, defendant left the examining room and began running toward the emergency room exit, wearing a hospital gown. When Trooper Baker attempted to block her exit, she allegedly struck him in the temple with her fist, and she was put in handcuffs. Trooper Baker subsequently assisted two nurses who were attempting to restrain defendant from banging her head on the floor. While the officer was attempting to place a piece of gauze over her mouth, she allegedly bit his finger. The testimony established that defendant was extremely intoxicated during the time these events occurred. She testified at trial that she did not recall the events of that evening and did not remember any encounter with Trooper Baker at the hospital.

At the conclusion of the State's case and again at the close of her defense, defendant moved for acquittal on grounds that her intoxication negated the general intent required for simple assault under 13 V.S.A. § 1023(a)(1), as well as the specific intent required to invoke an enhanced sentence under 13 V.S.A. § 1028. The court denied these motions and refused to instruct the jury that it could consider defendant's drunkenness in its deliberations on the charges. The jury returned verdicts of guilty on both counts, and the court denied a motion for a new trial.

■ Defendant's first contention is that the trial court should have instructed the jury that it could consider her intoxication as negating the element of recklessness charged by the State under 13 V.S.A. § 1023(a)(1). The law in Vermont is well settled to the contrary. *State* v. *Murphy,* 128 Vt. 288, 293, 262 A.2d 456, 460 (1970); see also Model Penal Code § 2.08(2).

Defendant next argues that even if simple assault only requires a general intent, an assault against a law enforcement officer under the enhanced penalty provision of 13 V.S.A. § 1028 requires proof of a specific, rather than general, intent. She asserts that the trial court should have instructed the jury that if it had a reasonable doubt as to whether she knew that Trooper Baker was a law enforcement officer, it could not find her guilty of assault on a law enforcement officer.

In *State* v. *D'Amico,* 136 Vt. 153, 156, 385 A.2d 1082, 1084 (1978), this Court held that voluntary intoxication was available to negate a finding of the intent necessary for a conviction for aggravated assault under 13 V.S.A. § 1024(a)(2). The element requiring specific intent in § 1024(a)(2) is " 'purposely or knowingly [causing] bodily injury to another with a deadly weapon' . . . ."

*Id.* at 156, 385 A.2d at 1084. Relying on the Model Penal Code as "indicative of what the General Assembly intended in adopting legislation modeled on the Code," *id.,* we held that "[s]ince there was evidence in the case of the respondent's intoxication, it was for the jury to determine the effect on the respondent's mental processes and whether his mental capacity was so diminished as to prevent him from forming the requisite felonious intent." *Id.* at 156, 385 A.2d at 1084-85.

■ The issue before us in the present case is whether intoxication should be available as a defense to negate the element of knowledge under § 1028, as we held it was available under § 1024 in *D'Amico.* We conclude that it should be. The issue may seem distinguishable from that in *D'Amico* because, while prosecutors and defendants speak of "simple assault on a police officer," the elements of the crime appear to be located wholly within § 1023(a)(1), with § 1028 serving simply as an enhanced penalty provision. Section 1028 states:

> (a) A person convicted of a simple or aggravated assault against a law enforcement officer or fireman while the officer or fireman is performing a lawful duty, in addition to any other penalties imposed under sections 1023 and 1024 of this title, shall:
> (1) For the first offense, be imprisoned for not less than thirty days nor more than one year;
> (2) For the second offense and subsequent offenses, be imprisoned for not less than two years nor more than ten years.
> (b) The sentence of a person convicted of violating this section shall not be suspended, nor shall it be deferred under section 7041 of this title. A person convicted of violating this section shall not be eligible for parole until having served the minimum sentence for the offense as provided herein.

But whether it is characterized as a provision defining assault on a law enforcement officer or an enhanced penalty provision, § 1028 sets forth an additional requirement: in order for the higher penalty provision to apply, the jury must find that the victim of the assault is a law enforcement officer. We have previously held that proof of defendant's knowledge of that fact is a requisite element for the application of an increased penalty under § 1028:

Accordingly, we conclude that the legislature intended to provide increased penalties against anyone who assaults a law enforcement officer in the performance of an official duty, knowing or having good reason to believe that the person is in fact such an officer.

*State* v. *Peters,* 141 Vt. 341, 348, 450 A.2d 332, 336 (1982). If it is open to a defendant to ask a jury to believe that his mental state precluded knowledge sufficient to form a specific intent to cause bodily injury with a deadly weapon, it should be open to this defendant to argue that her intoxication was so extreme that she was unaware that the victim of her assault was a police officer. The trial court should have instructed the jury on this point.

*Reversed and remanded.*