# State of Vermont v. Dean Dennis

[559 A.2d 670]

No. 86-339

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed March 3, 1989

*Kevin G. Bradley, Chittenden County State's Attorney,* and *Robert Andres, Deputy State's Attorney,* Burlington, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General,* and *William A. Nelson, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from a jury verdict convicting him of attempted assault and robbery in violation of 13 V.S.A. § 608(a). We reverse.

At trial, defendant requested the court to instruct the jury that the State must prove he had the specific intent to commit the crime charged and that his intoxication, whether voluntary or involuntary, could negate a finding of the intent required under the statute. The court refused the defendant's request and instead instructed the jury that "the crime of attempted assault and robbery requires no such specific intent" and "[b]ecause specific intent is not an element of this offense, you may not consider evidence of intoxication as a defense to the charge." Defense counsel objected to the court's failure to give the requested charge and to its instruction that specific intent is not an element of the crime of attempted assault and robbery.

■ On appeal, defendant challenges the court's instruction on specific intent contending that the crime of assault and robbery, as set forth in 13 V.S.A. § 608(a), requires proof of a larcenous intent. According to the defendant, even if assault and robbery were a strict liability offense without any mens rea requirment, "attempted" assault and robbery is not and requires proof of a specific intent to commit the substantive offense.

The attempted commission of a criminal offense "involves the same mental intent as would be required in the actual commission of that offense." *State* v. *D'Amico*, 136 Vt. 153, 156, 385 A.2d 1082, 1084 (1978); see also 2 W. LaFave & A. Scott, Substantive Criminal Law § 6.2(c)(1) (1986) ("a defendant must be charged with an attempt to commit a specifically designated crime, and it is to that crime one must look in identifying the kind of intent required."). 13 V.S.A. § 608 is a specific intent crime requiring proof that the accused intended to deprive the person of the property permanently. *State* v. *Francis*, 151 Vt. 296, 307-08, 561 A.2d 392, 399 (1989). Accordingly, conviction for attempted violation of § 608 would require proof that the accused intended to permanently deprive his victim of the property taken. The trial court's failure to instruct the jury in this regard prejudiced the defendant and requires the reversal of his conviction. *State* v. *Sidway*, 139 Vt. 480, 486, 431 A.2d 1237, 1240 (1981) (an improper jury instruction justifies reversal of a conviction where prejudice is shown).

■ The trial court's error in instructing the jury that attempted assault and robbery requires no specific intent or mental state was further compounded by its instruction that the jury may not consider evidence of intoxication to negate the charge. This Court has previously determined that where "specific intent is an element of a crime, evidence of either voluntary or involuntary intoxication may be introduced to show that the defendant could not have formed the necessary intent." *State* v. *Joyce*, 139 Vt. 638, 639-40, 433 A.2d 271, 272 (1981) (defendant, charged with violation of 13 V.S.A § 1024(a), entitled to instruction on intoxication); see also *State* v. *Galvin*, 147 Vt. 215, 217, 514 A.2d 705, 707 (1986) (knowledge element required by 13 V.S.A. § 1028 may be negated by evidence of intoxication); *D'Amico*, 136 Vt. at 156, 385 A.2d at 1084. Since attempted assault and robbery, 13 V.S.A. § 608(a), is a specific intent crime, evidence of intoxication may be considered to determine whether the accused acted with

the required mental state for conviction. See *Moon v. State*, 275 Ind. 651, 654, 419 N.E.2d 740, 742 (1981) (evidence of intoxication may be considered with regards to the specific intent required for conviction of attempted robbery in violation of Ind. Code § 35-42-5-1); *Berry v. State*, 288 So. 2d 457, 459 (Miss. 1974) (evidence of intoxication admissible as it relates to specific intent element of attempted armed robbery). As we noted in *D'Amico*, "[s]ince there was evidence in the case of [defendant's] intoxication, it was for the jury to determine the effect on the [defendant's] mental processes and whether his mental capacity was so diminished as to prevent him from forming the requisite felonious intent." 136 Vt. at 156, 385 A.2d at 1084-85.

*Reversed and remanded.*