**STATE of Vermont v. Francis JOSEPH**

[597 A.2d 805]

No. 90-352

September 4, 1991. Defendant appeals from a jury conviction of aggravated assault in violation of 13 V.S.A. § 1024(a)(1), which provides, in part, that a person is guilty of aggravated assault if he causes serious bodily injury recklessly "under circumstances manifesting extreme indifference to the value of human life." The sole issue is whether the evidence, when viewed in a light most favorable to the State, was sufficient for a reasonable jury to conclude that defendant's actions manifested extreme indifference to the value of human life. See *State v. Lupien,* 143 Vt. 378, 381, 466 A.2d 1172, 1174 (1983). Citing commentary to the Model Penal Code, defendant argues that the quoted language has the same meaning whether it relates to an assault statute or a murder statute. Model Penal Code and Commentaries, Part II § 211.1, at 189 (1980). He further points out that at least one jurisdiction has held that a defendant cannot be convicted of aggravated manslaughter based on a showing of extreme indifference to the value of human life unless the State shows that there was a "probability" that death would result from the defendant's action. See *State v. Bowens,* 108

N.J. 622, 638, 532 A.2d 215, 223 (1987).

We decline to hold that a jury must find a "probability" of death resulting in order for it to conclude that a defendant's conduct manifested an extreme indifference to the value of human life, thereby satisfying the intent requirement of the aggravated assault statute. Even the commentary to the Model Penal Code's murder statute does not require a particular degree of likelihood of death in order for the trier of fact to find that a defendant showed such extreme difference to life that he could be liable for murder. The key is that the trier of fact must be convinced that the defendant showed such extreme indifference that the intent element of the particular crime is satisfied. See Model Penal Code, *supra*, § 210.2, at 22. Thus, with regard to the instant statute, rather than focus on the probability of death resulting, the trier of fact must determine whether the "circumstances" of the attack demonstrate such a blatant disregard for life that one could conclude beyond a reasonable doubt that the defendant intended to inflict serious bodily injury on the victim. Cf. *State v. Saucier*, 128 N.H. 291, 297–98, 512 A.2d 1120, 1125 (1986) (circumstances surrounding assault in which defendant held victim by the throat and threw her against parked cars showed such extreme indifference to life that jury could convict on charge of second degree assault); *State v. Dodd*, 503 A.2d 1302, 1303–04 (Me. 1986) (where the defendant taped the mouth, legs and arms of a three-year-old girl and hung her upside down from a doorknob for ten minutes, jury could have found that he showed an extreme indifference to human life, since there was at least a "reasonable likelihood" that death or serious bodily injury would occur).

In the instant case, defendant resisted arrest and attempted to flee from police officers. One of the officers gave chase, and in the ensuing struggle defendant struck the officer on the side of the head with such force that she was knocked unconscious for seven or eight minutes. It is not entirely clear whether defendant struck the officer with his fist or with an object he held in his fist. In any case, after knocking her out, defendant dragged her some fifteen feet and then piled heavy wooden pallets on top of her while she was unconscious. This was done so that the officer would not be found by others, and it also hindered others from providing medical attention to the officer. The officer testified that, upon regaining consciousness, she had difficulty breathing. Further, as a result of the blow to her head, and the struggle in general, her ear was damaged and she sustained various other bodily injuries. Considering these facts, a reasonable jury could have concluded that defendant's conduct manifested an extreme indifference to the value of human life.

*Affirmed.*