## State of Vermont v. Pamela E. Bolio

[617 A.2d 885]

No. 91-206

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed September 18, 1992

*William Sorrell*, Chittenden County State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Kurt M. Hughes* of *Wool, Murdoch & Hughes*, Burlington, and *Charles S. Martin* of *Martin & Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant was convicted of aggravated assault (13 V.S.A. § 1024(a)(2)) and appeals on grounds that the trial court should have given the jury an instruction on simple assault under 13 V.S.A. § 1023(a)(1). We reverse.

The basic facts are not in dispute. Defendant was charged with shooting Todd Gorton, after receiving a telephone call from her husband David Bolio, then incarcerated at the Chittenden Correctional Center, that Gorton, with whom defendant was then living, had sexually abused the Bolios' son. Defendant testified that upon receiving this report, she became extremely distraught, began crying, and was confused, angry, and scared. She obtained a .22-caliber pistol from a neighbor and confronted Gorton. Defendant testified about the meeting as follows:

Q. What did he [Gorton] say?

A. He just said: "I'm out of here. You're crazy. I didn't touch him." And we argued a little bit. And he just—He laughed at me. He just—I said—I kept saying: "Did you? How could you do that?" He threw his arms up and goes: "Yeah. So I did. What are you going to do, shoot me?" And I—and I did. I heard the shot and I—he fell down. I looked at him, and I turned around, and I walked away.

A clinical psychologist testified as to the diminished capacity of defendant, who has been sexually abused by her stepfather as a child, was physically abused by her spouses, and has a history of personal drug and alcohol abuse. The witness diagnosed defendant as having an "adjustment reaction disorder," which she defined as "someone reacting to something terrible that has happened." She ascribed numerous factors to defendant's state of mind at the time of the offense, including feelings of failure in protecting her children, guilt over Gorton's abuse of her son, anger over betrayal by Gorton, anger and confusion about not learning sooner of the abuse, failure to deal with her own past sexual victimization, the unavailability of drugs and alcohol, which she had decided to give up, and familiarity with and easy access to firearms.

Based on the proffered evidence of diminished capacity, defendant requested an instruction of simple assault as a lesser-included offense. The trial court declined, stating that "I just don't see recklessness as a lesser-included offense of specific intent. It's just entirely different; entirely different conduct, entirely different thought processes." The court did instruct the jury, however, on the definition of "recklessness." Defendant was convicted of aggravated assault, and the present appeal followed.

■ The sole issue on appeal is the trial court's refusal to instruct the jury on the elements of simple assault as a lesser-included offense of aggravated assault under 13 V.S.A. § 1024(a)(2). A defendant is entitled to jury instructions on a lesser offense than that which is charged if the elements of the lesser offense must necessarily be included in the greater offense. *State v. Bourn*, 139 Vt. 14, 15–16, 421 A.2d 1281, 1281–82 (1980). See V.R.Cr.P. 31(c).* In *State v. Forbes*, 147 Vt. 612, 616–17, 523 A.2d 1232, 1235 (1987), we stated that "[a]n offense is a lesser-included offense of another if it is composed of some, but not all, elements of the greater offense and does not have any element not included in the greater offense."

■ The offense of aggravated assault is committed when a person "attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon." 13 V.S.A. § 1024(a)(2). Simple assault is defined in § 1023, in relevant part, as follows:

(a) A person is guilty of simple assault if he:

(1) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or

(2) negligently causes bodily injury to another with a deadly weapon . . . .

Under these definitions, aggravated assault is an intentional-conduct offense, which involves a higher degree of culpability

---

* V.R.Cr.P. 31(c) states:

(c) Conviction of Lesser Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

than reckless conduct. See *State v. Sargent*, 156 Vt. 463, 466, 594 A.2d 401, 402–03 (1991) ("purposely or knowingly" is higher state of culpability than "recklessly or negligently"); *People v. Higgins*, 86 Ill. App. 2d 202, 207, 229 N.E.2d 161, 163 (1967) ("recklessness" involves criminal liability short of intent or knowledge); Model Penal Code § 2.02(5) (1985). The State asserts that in order to conclude that simple assault is a lesser-included offense of aggravated assault, it would be necessary to equate "recklessly" or "negligently"—an element of simple assault—with "purposely or knowingly," an element of aggravated assault. Reflecting the conclusion of the trial court, the State adds that it is not necessary to act recklessly or negligently in order to commit aggravated assault, and, therefore, reckless or negligent conduct is not necessarily an element of aggravated assault under § 1024(a)(2).

The argument misconceives and misapplies our holdings on the requirement of a lesser-included-offense instruction. In *State v. O'Connell*, 149 Vt. 114, 115–16 n.1, 540 A.2d 1030, 1031 n.1 (1987), we quoted the definition of "recklessly" in the Model Penal Code § 2.02(c) (1985), as follows:

> A person acts recklessly with respect to a material element of an offense when he *consciously disregards a substantial and unjustifiable risk* that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation. (Emphasis supplied.)

To "purposely or knowingly" cause harm is to form a degree of intent to harm that is greater than to "consciously disregard" the risk that harm may result from the conduct. Therefore, a person who commits aggravated assault acts in a more egregious manner than one who acts recklessly, in the sense that the person's level of intent has *exceeded* simply acting reckless.

In sum, all of the elements of simple assault, a general intent crime, see *State v. Sturgeon*, 140 Vt. 240, 244, 436 A.2d 777, 779 (1981), were necessarily included in the offense of aggravated assault with a deadly weapon. When the State established the

higher culpable mental state of specific intent, it necessarily established the lower state of recklessness or negligence. *Bell v. State,* 693 S.W.2d 434, 438 (Tex. Crim. App. 1985).

■ Moreover, in this case, the evidence presented at trial was consistent with the theory that defendant acted with only a general intent. She was agitated and upset by the thought that the victim had abused her child, and the evidence indicated that this information exacerbated an existing sense of anger and desperation. There was expert testimony that defendant suffered from an adjustment-reaction disorder that might have contributed to her conduct.

The State next argues that the error, if any, was harmless, because the jury would have acquitted defendant if it found that the State had not sustained its burden of proof on all of the elements of aggravated assault. This argument would effectively negate the right to jury instructions on a lesser-included offense in every case. To argue that conviction proves the error was harmless is to miss the reason for the rule, which is to allow the jury to consider the evidence in the light of all of the alternative verdicts fairly presented, and not to have to elect between only a guilty verdict and an acquittal, where the evidence is susceptible of sustaining a lesser-included offense.

As the United States Supreme Court said in *Keeble v. United States,* 412 U.S. 205, 212–13 (1973):

> Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction. In the case before us, for example, an intent to commit serious bodily injury is a necessary element of the crime with which petitioner was charged, but not of the crime of simple assault. Since the nature of petitioner's intent was very much in dispute at trial, the jury could rationally have convicted him of simple assault if that option had been presented. But the jury was presented with only two options: convicting the defendant of assault with intent to commit great bodily injury, or acquitting him outright. We cannot say that the availability of a third option—convicting the defendant of simple assault—could not have resulted in a different verdict.

Finally, the State argues that the court's instruction on the definition of "recklessness," which clarified to the jury that recklessness and specific intent were not the same, rendered any error harmless. The instruction at most clarified the distinction between the jury's two alternatives: conviction of aggravated assault or acquittal. The middle ground of simple assault, which was appropriate under our case law and V.R.Cr.P. 31(c), as well as consistent with the evidence, was still unavailable to the jury as an option. Only a proper instruction on the lesser-included offense of simple assault would have sufficed. It should have been given.

*Reversed and remanded.*