**STATE of Vermont v. Ronald T. LACLAIR, Jr.**

[635 A.2d 1202]

No. 92-446

November 19, 1993. Defendant appeals from a jury conviction of aggravated assault in violation of 13 V.S.A. § 1024(a)(1), which provides, in part, that a person is guilty of aggravated assault if he causes serious bodily injury to another "recklessly under circumstances manifesting extreme indifference to the value of human life." Defendant was convicted after a trial by jury. There is no dispute that the victim was shot in the head and that the wound constituted se-

rious bodily injury. The issue on appeal is whether the trial court should have charged the jury that defendant was guilty only if he caused the serious bodily injury "with the intent to inflict serious bodily injury on the alleged victim." We affirm.

On June 6, 1991, defendant was drinking with Dennis Knight and Steve Smith when a friend told the three that the victim was at Knight's apartment with a gun. The three proceeded to Knight's apartment, but the victim had left. Defendant armed himself with a twelve-gauge shotgun; his two companions had hand guns. The three concealed themselves in some bushes outside the apartment. The victim then returned, and walked toward the apartment. The victim was unarmed and his hands were empty. He spoke with some people and turned to leave. At that point, defendant shot the victim in the back of the head. Defendant testified he discharged the gun accidentally after a twig poked him in the eye.

In its instruction to the jury, the court defined the elements of the charge, in relevant part, as follows:

> For you to find the defendant guilty of aggravated assault, the state must have proved beyond a reasonable doubt the existence of the following essential elements. There are three of them. Number one, the defendant, Ronald T. LaClair, Jr., caused *serious bodily injury* to another; two, the defendant did so under circumstances manifesting an *extreme indifference to the value of human life*; three, the defendant acted *recklessly* under such circumstances and it resulted in the bodily injury.
>
> . . . .
>
> Circumstances manifesting an extreme indifference to the value of human life are those events surrounding the imposition of serious bodily injury which demonstrate a blatant disregard for the victim's life.
>
> *Recklessly means a conscious disregard of a substantial and unjustifiable risk.* The risk in this case of serious bodily injury must be of such a nature and degree that considering the nature and purpose of the defendant's conduct and the circumstances known to him, its disregard is a gross deviation from the standard of conduct that a law abiding citizen would have observed in the actor's situation. (Emphasis added.)

Defendant argues that the trial court should also have instructed the jury that, to be liable for recklessly causing serious bodily injury to another "under circumstances manifesting extreme indifference to the value of human life," one must *intend* to cause serious bodily injury. In other words, defendant requested an instruction that the jury must find that his discharge of the shotgun was purposeful or knowing and not accidental. Defendant argues that because the actual shooting was an accident he did not have the requisite intent for conviction. To support his contention, defendant cites *State v. Joseph*, 157 Vt. 651, 652, 597 A.2d 805, 805–06 (1991), in which we stated:

> [T]he trier of fact must be convinced that the defendant showed such extreme indifference that the *intent* element of the particular crime is satisfied. . . . Thus, with regard to the instant statute, rather than focus on the probability of death resulting, the trier of fact must determine whether the "circumstances" of the attack demon-

strate such a blatant disregard for life that one could conclude beyond a reasonable doubt that the defendant *intended* to inflict serious bodily injury on the victim.

(Emphasis added.) (Citations omitted.)

Defendant's proposed instruction would do great violence to 13 V.S.A. § 1024(a)(1) and to the extent that *Joseph* created any ambiguity as to the "intent" requirement of that statute, we now write to clarify it. The statute creates three theories of criminal liability for aggravated assault: one is guilty if one causes serious bodily injury to another "purposely, knowingly *or* recklessly under circumstances manifesting extreme indifference to the value of human life." 13 V.S.A. § 1024(a)(1) (emphasis added). When one causes harm "purposely" or "knowingly," the person possesses some degree of an intent to harm. *State v. Bolio*, 159 Vt. 250, 253, 617 A.2d 885, 887 (1992). In contrast, when one causes harm "recklessly," as the trial court correctly instructed, the person consciously disregarded a substantial and unjustifiable risk. *Id.* at 253, 617 A.2d at 887.

The trial court's charge tracked the plain language of the statute, defining the terms used, and was complete because a statute must be enforced according to its terms when its meaning is plain on its face. *State v. Wilcox*, 160 Vt. 271, 275, 628 A.2d 924, 926 (1993). The language of the statute reflects a legislative judgment that a person who causes serious bodily injury "recklessly under circumstances manifesting extreme indifference to the value of human life" cannot be distinguished from a person who causes bodily injury "purposely" or "knowingly." See Model Penal Code and Commentaries §§ 211.1 and 210.2. Defendant's proposed instruction would essentially eliminate the reckless theory from the statute, in contravention of the established rule of statutory construction that all language in a statute should be given effect. See *State v. Tierney*, 138 Vt. 163, 165, 412 A.2d 298, 299 (1980) (in construing statutes, give effect to every word, clause and sentence if possible).

The court's instruction caught the letter as well as the spirit of the statute. Even if the jury found that the actual discharge of the shotgun was accidental, it still could have found that defendant's course of conduct was "reckless under circumstances manifesting extreme indifference to the value of human life."

*Affirmed.*