# State of Vermont v. Mark Sanders

[716 A.2d 11]

No. 97-003

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed April 24, 1998

Motion for Reargument Denied June 10, 1998

*William H. Sorrell*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *Henry Hinton*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant appeals his jury conviction of aggravated domestic assault, 13 V.S.A. § 1043(a)(2), claiming that the court erred by (1) permitting the State to introduce "prior bad acts" evidence without giving defendant proper notice, (2) admitting evidence that defendant had assaulted the victim on prior occasions, and (3) allowing the State to question the victim about prior assaults after she recanted that they had occurred. We affirm.

The assault charge stemmed from a confrontation on March 31, 1996, in Burlington. The victim, defendant's live-in girlfriend, came home that evening with a friend, Jodi Bell. She was surprised to find

defendant home because he had told her earlier that day he was moving out due to problems in their relationship. As the victim and her friend were getting ready to go out for the night, they heard defendant breaking glass and smashing things around the house. Frightened, the women locked themselves in the bathroom. Bell then ran next door to call the police, and when she returned, she found defendant and the victim standing in the kitchen. Bell, to protect the victim, inserted herself in between them. Defendant then picked up a knife and said "someone is going to die . . . who's it gonna be?" The State charged defendant with aggravated domestic assault for being armed with a deadly weapon and threatening to use that weapon on a household member.

Over two months prior to trial, the State sent defense counsel a letter listing several "prior bad acts" they intended to introduce at trial. Defendant brought a motion in limine to exclude the evidence, but the judge allowed the State to introduce two of the prior bad acts to go to the issue of intent. The first was an incident that occurred on December 30, 1995, in which the victim asked defendant to leave the apartment. In response to her request, he choked her and threw her across the room, giving her a bloody nose. The second was an incident that occurred on January 6, 1996, when defendant took victim's car without permission and screamed threats at her, saying he would never leave without a fight. During trial, it was revealed that these incidents actually occurred on February 10, 1996, and February 18, 1996, respectively. However, on the stand, the victim recanted most of the substantive facts of these prior sworn statements.

Defendant first argues that the court erred by permitting the State to introduce "prior bad acts" evidence without giving defendant proper notice. V.R.Cr.P. 26(c) requires the State to furnish to defendant, at least seven days prior to trial, a written statement setting forth any evidence it intends to offer under V.R.E. 404(b) or V.R.E. 609. Defendant argues that since the dates of the prior bad acts were wrong in the written statement, he did not receive sufficient notice under V.R.Cr.P. 26(c).

The purpose of V.R.Cr.P. 26(c) is to "inform the defendant of crimes the State intends to introduce and allow the defendant time to respond by a motion in limine." *State v. Houle*, 162 Vt. 41, 45, 642 A.2d 1178, 1181 (1994). If defendant actually brings a motion in limine to exclude prior bad act evidence, he cannot then claim insufficient notice since the purpose of V.R.Cr.P. 26(c) has been met. See *State v. Kelley*, 163 Vt. 325, 330, 664 A.2d 708, 711 (1995). Here, the fact that

the State had the wrong dates associated with the prior bad acts does not render the notice invalid since defendant was aware of the substance of the evidence and brought a motion in limine to exclude it. The trial court did not err by permitting the State to introduce evidence of defendant's prior bad acts since the purpose of V.R.Cr.P. 26(c) was fulfilled.

■ Defendant next argues that the court erred by admitting evidence that defendant had assaulted the victim on prior occasions. Defendant claims that the State is merely using this evidence to show the defendant's propensity for criminal behavior, and therefore it should be excluded under V.R.E. 404(b) and 403. The State argues that the evidence was offered to show why the victim was afraid of the defendant and to prove that the defendant had the requisite intent under 13 V.S.A. § 1043(a)(2) to "threaten" the victim with the knife.

In reviewing the trial court's admission of evidence under 404(b), we must decide whether the evidence was both relevant and material to the subject cause of action, *State v. Parker*, 149 Vt. 393, 398, 545 A.2d 512, 515 (1988), and if so, whether the trial court abused its discretion in deciding that the introduction of such evidence was more probative than prejudicial under V.R.E. 403. See *id.* at 400-01, 545 A.2d at 516-17.

Here, we need not decide whether the prior bad acts may be admissible solely to show fear or intent because the evidence was relevant also to portray the history surrounding the abusive relationship, providing the needed context for the behavior in issue. The purpose of establishing defendant's history of abusing the victim is not to show his general character for such abuse, but to provide the jury with an understanding of defendant's actions on the date in question.

Allegations of a single act of domestic violence, taken out of its situational context, are likely to seem "incongruous and incredible" to a jury. Cf. *State v. Forbes*, 161 Vt. 327, 331, 640 A.2d 13, 15 (1993) (applying same rational to sexual abuse crimes). Without knowing the history of the relationship between the defendant and the victim, jurors may not believe the victim was actually abused, since domestic violence is "learned, . . . controlling behavior aimed at gaining another's compliance" through multiple incidents. *Anderson v. Hensrud*, 548 N.W.2d 410, 414 (N.D. 1996). The prior occasions tend to prove that defendant meant to threaten and intimidate his friend when he raised the knife and said "someone is gonna die." Therefore, the evidence was admissible.

Previous incidents of domestic abuse are also relevant to put the victim's recantation of prior statements into context for the jury. Victims of domestic abuse are likely to change their stories out of fear of retribution, or even out of misguided affection. See *State v. West,* 164 Vt. 192, 197, 667 A.2d 540, 543 (1995) (citing C. Klein & L. Orloff, *Providing Legal Protection for Battered Women: An Analysis of State Statutes and Case Law,* 21 Hofstra L. Rev. 801, 1187 (1993)). This prior history of abuse gives the jury an understanding of why the victim is less than candid in her testimony and allows them to decide more accurately which of the victim's statements more reliably reflect reality.

These considerations compel us to find that the trial court did not err by admitting the prior bad acts evidence under V.R.E. 404(b). The trial court did not abuse its discretion in deciding that the introduction of such evidence was more probative than prejudicial under V.R.E. 403.

Finally, defendant argues that the court erred by allowing the State to question the victim about statements she made concerning prior assaults by the defendant, which she later denied had occurred. Defendant contends that it is error to bring prior crimes to a jury's attention unless there is sufficient evidence presented for the jury to reasonably conclude that defendant committed those acts. *State v. Wheel,* 155 Vt. 587, 603-04, 587 A.2d 933, 943 (1990) (citing *Huddleston v. United States,* 485 U.S. 681, 690 (1988)). Since the victim recanted most of the substance of her prior statements, defendant argues that there was not enough evidence for the jury to conclude that the prior assaults actually occurred and, therefore, the State should have been precluded from asking the victim about such prior abuse.

Defendant did not object to this issue at trial, however, and raised it for the first time in his motion for a new trial. "The burden is on the defendant to bring the alleged error to the attention of the trial court in order that the error, if such, can be corrected without delay." *State v. Mecier,* 138 Vt. 149, 156-57, 412 A.2d 291, 296 (1980). Without an objection during trial, the "claims made in the motion for new trial are waived for the purposes of appellate review." *Id.* at 157, 412 A.2d at 296. Therefore, defendant has not preserved this issue for appeal.

*Affirmed.*