**STATE of Vermont v. Michael ALLEN**

[738 A.2d 113]

No. 98-163

July 19, 1999. Defendant Michael Allen appeals from a conviction on a charge of aggravated assault in violation of 13 V.S.A. § 1024(a)(1) (recklessly causing serious bodily injury in circumstances manifesting extreme indifference to the value of human life). Defendant asserts that the district court erred by (1) not excluding evidence of his prior altercations on the date in question, (2) disallowing a defense of diminished capacity due to intoxication, and (3) denying his motion for judgment of acquittal based on a failure to prove the victim sustained serious bodily injury. We affirm.

Defendant's conviction stems from events that occurred on June 25, 1997 in Burlington. Immediately prior to the incident in question, defendant, then sixteen years old, had been involved in several altercations in the downtown shopping area. These included a fight with the victim's brother, during which defendant lost his pager. This fight took place in the presence of the victim and others. Defendant shouted racially charged remarks while throwing a glass at the victim and his companions. Soon after, defendant struck a person sitting on a bench with a small baseball bat. At this

point, the incident giving rise to the State's charge took place. Defendant, a white teenager, approached the victim, a black teenager, and his companions. Suspecting that his pager had been stolen, defendant asked the group where it was. The victim and his companions fled. Defendant then chased the victim into the Burlington Square Mall, caught up to him, and beat him with the small baseball bat. As a result, the victim was hospitalized for three days, sustaining a permanent eye impairment that places him at increased risk for developing glaucoma. The State subsequently charged the defendant with aggravated assault pursuant to 13 V.S.A. § 1024(a)(1).

First, defendant contends that the court should have excluded evidence of defendant's prior encounters on the date in question. He sought in limine to exclude this evidence under V.R.E. 403 (authorizing exclusion of otherwise relevant evidence if its probative value is substantially outweighed by unfair prejudice). Defendant argues that the prior altercations and racial slurs introduced unfair prejudice. We conclude that the trial court reasonably exercised its discretion. See *State v. LaBounty*, 168 Vt. 129, 140, 716 A.2d 1, 9 (1998) (trial court accorded broad discretion in V.R.E. 403 matters).

The court determined that evidence of defendant's prior altercations was relevant to show his escalating violent behavior. See *State v. Kelley*, 163 Vt. 325, 328, 664 A.2d 708, 710 (1995) (evidence of defendant's escalating course of violent behavior is probative of context of crime). The court also determined that defendant's prior conduct and surrounding occurrences were inherently related to and provided a context for the incident. See *State v. Sanders*, 168 Vt. 60, 63, 716 A.2d 11, 13 (1998) (evidence of defendant's prior abuse of victim more probative than prejudicial because it provides jury with understanding of his behavior on date in question); *Kelley*, 163 Vt. at 328-29, 664

A.2d at 710 (defendant's acts that occurred hours before shooting provide context in which shooting took place). We agree that the evidence was relevant, and the trial court clearly acted within its sound discretion in balancing the probative value against the prejudicial effect.

Second, defendant asserts that the district court should have allowed a defense of diminished capacity due to intoxication. We disagree. Although, as defendant notes, voluntary intoxication is available to negate the elements of purpose or knowledge under 13 V.S.A. § 1024(a)(2), see *State v. D'Amico*, 136 Vt. 153, 156, 385 A.2d 1082, 1084 (1978), defendant in this case was charged with recklessly causing serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life in violation of 13 V.S.A. § 1024(a)(1). Intoxication cannot negate the recklessness element of simple assault, see *State v. Galvin*, 147 Vt. 215, 216, 514 A.2d 705, 707 (1986), and we have defined the element of recklessness in § 1024(a)(1) in the same terms as the recklessness element of simple assault, see *State v. Bolio*, 159 Vt. 250, 253, 617 A.2d 885, 887 (1992) (defining recklessness for purposes of simple assault); *State v. LaClair*, 161 Vt. 585, 587, 635 A.2d 1202, 1204 (1993) (mem.) (adopting *Bolio* standard in defining recklessness element in § 1024(a)(1)). From defendant's standpoint, intoxication would merely establish the means exercised for consciously disregarding the risk in question; it would not be a defense. Accordingly, the district court correctly ruled that this defense was unavailable.

Finally, defendant argues that the judgment of acquittal should have been granted due to insufficient evidence to prove the element of "serious bodily injury" under 13 V.S.A. § 1024(a)(1). "The standard of review for denial of a V.R.Cr.P. 29 motion for judgment of acquittal is whether the evidence, when viewed in the light most favorable to the State and

excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." *State v. Delisle*, 162 Vt. 293, 307, 648 A.2d 632, 641 (1994) (internal quotation marks and alterations omitted). From the evidence presented, the jury could have reasonably determined that both the victim's injuries and his increased risk of glaucoma constitute "[serious] bodily injury which creates . . . [a] substantial impairment of health." 13 V.S.A. § 1021(2). Thus, the district court properly denied defendant's motion for judgment of acquittal.

*Affirmed.*