STATE of Vermont v. Christopher M.
HARRINGTON

[816 A.2d 501]

No. 01-510

November 4, 2002. Defendant appeals his jury conviction of domestic assault, arguing that (1) the evidence was insufficient to convict him of recklessly causing bodily injury to the victim, and (2) the trial court committed prejudicial error by refusing to instruct the jury that his previous family court testimony, which had been admitted at trial, could be considered as substantive evidence. We conclude that the evidence was sufficient to support the conviction, and that defendant was not prejudiced by the court's failure to charge the jury as requested. Accordingly, we affirm the conviction.

The domestic assault charge resulted from an incident in which defendant struck the alleged victim in the mouth. Defendant and the victim had a child and had lived together for approximately four years. At the time of the incident, however, the victim was staying with her mother and visiting a friend who lived in the same neighborhood as defendant. At some point, the victim saw defendant drive up and asked him to say hello to their daughter. An argument ensued, and defendant struck the victim in the mouth. The victim went to her friend's car so that her friend could drive her back to her mother's home, but she contacted police after defendant approached the car and took their daughter. The police arrived later to serve a restraining order on defendant. Defendant was eventually charged with "recklessly caus[ing] bodily injury to a household member," in violation of 13 V.S.A. § 1042. At trial, the court admitted a videotape offered by the State of defendant's testimony from a prior relief-from-abuse proceeding concerning the incident. Following a jury trial, defendant was convicted of the charge and placed on probation with a one-to-three month suspended sentence.

Defendant first argues on appeal that the trial court should have granted his motion for judgment of acquittal because the evidence was insufficient for the jury to determine beyond a reasonable doubt that he "recklessly" caused "bodily injury" to the victim. In reviewing the denial of a motion for judgment of acquittal, this Court must "determine whether the evidence presented by the State, taken in the light most favorable to the prosecution and excluding any modifying

evidence, sufficiently and fairly supports a finding of guilt beyond a reasonable doubt." *State v. Durenleau,* 163 Vt. 8, 10, 652 A.2d 981, 982 (1994). "The evidence must be examined both for its quality and strength," and the determination of guilt must be based on more than mere suspicion or conjecture. *Id.*

We conclude that the evidence in this case meets this standard. At trial, the victim testified that defendant accidentally struck her in the mouth with sufficient force to crack her lip. When asked whether her mouth was sore, she responded: "Sort of but not probably." The victim's friend testified at the earlier family court proceeding that shortly after the incident she had heard the victim complain about defendant hitting her. The friend also testified that when she approached the victim at her car after the incident took place, the victim was crying. Defendant himself testified at the family court proceeding that he "tapped her chin" to scare her and shut her up. He claimed that the blow was accidental, but also stated that "it was just a slap and I stopped. Well sort of." Notwithstanding the witnesses' attempts at trial to downplay the incident, the evidence was sufficient to meet the elements of the charge. Without question, defendant's act of swinging his hand at the victim's face while she was holding their young child — regardless of whether he intended to strike the blow — was reckless in that it "*consciously disregard[ed] a substantial and unjustifiable risk*'" of bodily injury. See *State v. Bolio,* 159 Vt. 250, 253, 617 A.2d 885, 887 (1992) (quoting Model Penal Code § 2.02(c) definition of "recklessly") (emphasis supplied in *Bolio*). Moreover, there is no question that the jury could have determined beyond a reasonable doubt that the victim suffered a "bodily injury" when defendant struck her with sufficient force to split her lip. See 13 V.S.A. § 1021(1) (defining "bodily injury" as "physical pain, illness or any impairment of physical condition").

Defendant also argues that the trial court committed prejudicial error by refusing to instruct the jury that defendant's testimony from the relief-from-abuse proceeding could be considered as substantive evidence. We find no prejudicial error. The court instructed the jurors that their decision should be based solely on the evidence before them, which consisted of the sworn testimony of the witnesses, but that out-of-court statements were not evidence of what actually occurred and thus could not be considered other than for purposes of impeachment. Defendant asked the trial court to explicitly instruct the jury that his testimony from the family court proceeding (offered by the State against defendant) could be considered for its truth and not merely for purposes of impeachment. See V.R.E. 801(d)(2)(A) (party's own statement is not hearsay if offered by party opponent). The court determined that such an instruction was unnecessary. Defendant claims on appeal that the jurors may have believed from the court's instruction that they could not consider his family court testimony as substantive evidence for the truth asserted.

We agree with defendant that the court should have made it explicit to the jurors that they could consider defendant's family court testimony as substantive evidence. While the court instructed the jury that only out-of-court statements were not evidence of what actually occurred, it is conceivable that the jurors could have been confused as to whether out-of-court statements included sworn statements from other proceedings admitted in the criminal court proceeding. Nevertheless, it is plain beyond a reasonable doubt that defendant's requested instruction would not have changed the verdict. See *State v. Kinney,* 171 Vt. 239, 244, 762 A.2d 833, 838 (2000) (error in charge "is not grounds for reversal of a criminal conviction if we can say beyond

a reasonable doubt that the result would have been the same in the absence of the error"). Defendant's family court testimony was not exculpatory in nature — it failed to provide any rationale under which the jury could have acquitted him of the charge. To the contrary, as noted above, the testimony demonstrated beyond a reasonable doubt that defendant acted recklessly in swinging at the victim's face to intimidate her. Thus, if anything, the trial court's failure to give the explicit instruction requested by defendant had the potential to prejudice the prosecution, not defendant. Moreover, the jury had to have considered defendant's family court testimony as substantive evidence because it was the principal evidence of his reckless conduct.

*Affirmed.*