2004 VT 119

**STATE of Vermont v. Roderick LITTLE**

[868 A.2d 686]

No. 03-390

¶ 1. December 13, 2004. Defendant Roderick Little appeals his conviction of assault and robbery, arguing that the evidence was insufficient to support a conviction. We affirm.

¶ 2. On March 22, 2002, after buying a bottle of vodka, defendant went to the house of his friends Ken and Trudy Blackburn in Glover. Defendant knew that the Blackburns owned guns, and he asked for one to kill himself. The Blackburns refused to give defendant a gun, defendant left, and the Blackburns called the police.

¶ 3. Defendant then went to the home of Kevin and Caroline Hill in Sheffield, picking up a crowbar at his former home on the way. Kevin Hill saw defendant coming and got his .44 caliber pistol. Defendant entered the Hill home without knocking and asked for a gun. An argument ensued, and defendant hit Kevin with the crowbar. Kevin then pointed the gun at defendant and pulled the trigger, but the gun did not fire. In the altercation that followed, defendant severely beat Kevin while shouting that he wanted the gun and threatening to destroy the Hill home if Kevin did not give it to him. Caroline found a .22 Ruger pistol and Kevin found a clip, and, fearing for their safety, they gave defendant these items.

¶ 4. Defendant left the Hill home in his car and drove at a high rate of speed for less than a mile before losing control and going into a snowbank. A Vermont State Trooper found defendant's car, and a standoff ensued. Defendant was yelling

at the trooper to shoot him. Eventually, defendant shot himself in the chest and passed out from loss of blood, allowing the police to approach the car and arrest him.

¶ 5. Defendant was charged with burglary, aggravated assault, and assault and robbery. The assault and robbery charge was based on the events at the Hill home when defendant took the Hills' gun. At the close of the State's case, defendant moved for acquittal on the assault and robbery charge, arguing that there was no intent to permanently deprive the Hills of the gun. The jury returned a guilty verdict only on the assault and robbery charge, and defendant again moved for acquittal. The trial court denied both motions. Defendant argues only one issue on appeal — that he did not have the requisite intent for the assault and robbery charge as a matter of law.

¶ 6. On appeal, our standard of review for denial of a motion for acquittal is whether, viewing the evidence in the light most favorable to the State and ignoring any modifying evidence, the evidence "fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." *State v. Prior*, 174 Vt. 49, 53, 804 A.2d 770, 773 (2002) (quotation omitted). Defendant was convicted of violating 13 V.S.A. § 608(a), which states: "A person who assaults another and robs, steals, or takes from his person or in his presence money or other property which may be the subject of larceny shall be imprisoned for not more than ten years." In *State v. Francis*, 151 Vt. 296, 307-08, 561 A.2d 392, 399 (1989), we held that the intent element for the robbery prong* of the

offense is the same as the intent element for larceny — that is, that "the accused intended to permanently deprive his victim of the property taken." *State v. Dennis*, 151 Vt. 223, 224, 559 A.2d 670, 671 (1989).

¶ 7. Defendant's argument is that the evidence showed, without contradiction, that defendant took the gun to kill himself and, therefore, he did not intend to permanently deprive the victims of the gun. The State and the trial court had two main responses to this argument: (1) defendant took both the gun and the bullets, and he clearly intended to deprive the victims of the bullets; and (2) defendant did not intend to return the gun to the victims, and this lack of intent to return was sufficient for the mental element of the crime. The trial court charged the jury that to convict it must find that defendant intended to permanently deprive the Hills of an item of personal property.

¶ 8. The question of criminal intent is normally for the jury based on all the circumstances presented by the evidence. See *State v. Reed*, 127 Vt. 532, 538, 253 A.2d 227, 231 (1969). Certainly, the State is correct that the improper stealing of the bullets would be a larceny, despite the limited value of the bullets alone, see 13 V.S.A. § 2502 (defining petit larceny to include stolen property with a value that does not exceed $500), and the jury could find that defendant intended to permanently deprive the victims of the bullets. Moreover, we agree with the State that the circumstances of the case are not necessarily inconsistent with an intent to permanently deprive.

¶ 9. This is not a case where defendant had the intent to return the gun to its owners. To the contrary, defendant ar-

---

* We refer to the robbery prong generically. The required intent is the same whether defendant is charged with robbing, stealing or taking the property, the alternative predicate acts specified in the statute. See *State v. Francis*, 151 Vt. 296, 308 n.5, 561 A.2d 392, 399 n.5 (1989).

gues that after shooting himself, he would have abandoned the gun, making it available to the victims. The jury could find permanent deprivation if "the circumstances of the abandonment are such that there is considerable risk that the owner will suffer a permanent deprivation of his property." *State v. Langis*, 444 P.2d 959, 960 (Or. 1968); accord *State v. Christine*, 93 P.3d 82, 87 (Or. Ct. App. 2004) (recognizing that the "intent to use or control property temporarily" is sufficient to show intent to permanently deprive "if the property is abandoned or disposed of under circumstances that risk its loss to the owner"). Assuming that the jury believed defendant's account, it could still find that the use of the stolen gun in a suicide or attempted suicide would create such a risk. See *People v. Wolfe*, 64 Cal. Rptr. 855, 858 (Ct. App. 1967) (observing that use of a stolen gun in another crime puts the weapon" beyond defendant's ability to return it and create[s] an unreasonable risk of permanent loss"). At best, defendant was indifferent as to the disposition of the gun and did not act in a way that assured its return to the victims.

¶ 10. Moreover, although intent to return can be a defense to larceny, the thief, at the time of the taking, must have "a substantial ability" to return the property. 2 W. LaFave & A. Scott, Substantive Criminal Law § 8.5, at 360 (1986); see *State v. Langford*, 483 So. 2d 979, 985 (La. 1986). The circumstances that, according to defendant's argument, show that he did not intend to deprive the Hills permanently of the gun also show that he intended to dispose of the gun such that he would not have had the ability to return the gun or ensure that it would be returned.

¶ 11. On any of the above grounds, the trial court correctly denied the motion for acquittal.

*Affirmed.*