*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-117

MARCH TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Frederick Sheldon | } | DOCKET NO. 1315-9-14 Rdcr |

Trial Judge: Thomas A. Zonay

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction of aggravated domestic assault. He contends that the evidence was insufficient to prove the requisite intent beyond a reasonable doubt. We affirm.

The facts may be summarized as follows. The complainant testified that she had been in a relationship with defendant for several months, and was living with him on the day of the incident, September 9, 2014. She recalled that defendant appeared agitated when he arrived home from work. She went for a walk later that evening. When she returned, defendant again appeared to be agitated, confronted her with a hotel key that he had found in her purse, and asked her why she had it. Defendant eventually told her to leave. As she started to call her son on her cell phone, she recalled that defendant grabbed the phone, started to choke her, and told her that he wished that she would die. They struggled and fell to the floor. Defendant continued to choke her and bang her head on the floor. He appeared to the complainant to be enraged. She feared for her life. She managed to bite his finger as he was choking her.

Defendant released her when she started to cough up blood, but refused to bring her to the hospital. The complainant ran for the door, but defendant blocked her from leaving. She managed to calm him down by suggesting that they go lie down. The following morning, she went to her counseling group, told the group leader about the incident, and was advised to file a police report. She spent the next night in a motel, and the next day filed for a relief-from-abuse order and reported the incident to the police. Both the group leader and the investigating officer testified to observing bruising around the victim's neck and face. Photographs admitted at trial confirmed the injuries. The investigating officer testified that he later spoke with defendant, who stated that the complainant had thrown things at him and had bit him. He did not deny strangling the complainant, and stated that he "wished it didn't happen and . . . wished he could take it back." The court denied a motion for judgment of acquittal at the close of the State's case.

Defendant testified on his own behalf. He indicated that, on the day of the incident, the complainant became upset when she learned that her children were not coming for a visit, went for a walk, and when she returned became angry and threw a lighter at him. He stated that the complainant then raised her hand as if to strike him, he grabbed it, and she bit his fingers. He

pushed her against the wall to free his hand, and they fell to the floor. He could not recall strangling her or banging her head against the floor.

Defendant renewed his motion for judgment of acquittal at the close of the evidence. The court denied the motion. The jury returned a verdict of guilty. This appeal followed.

Defendant contends that the evidence showed only a mutual struggle between himself and the complainant, and was insufficient to prove beyond a reasonable doubt that he intended to cause serious bodily injury. In reviewing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the State, excluding any modifying evidence, to determine whether it fairly and reasonably would support a jury's finding of guilt beyond a reasonable doubt. See State v. Desautels, 2006 VT 84, ¶ 7, 180 Vt. 189; State v. Carpenter, 155 Vt. 59, 62 (1990). Whether an assault was committed with the requisite intent is generally determined from all of the facts and circumstances surrounding it. See State v. Joseph, 157 Vt. 651, 652 (1991) (mem.) (noting that standard is whether "circumstances of the attack demonstrate such a blatant disregard for life that one could conclude beyond a reasonable doubt that the defendant intended to inflict serious bodily injury on the victim" (quotation omitted)). Furthermore, "[t]he jury determines a witness's credibility." State v. Brunelle, 2008 VT 87, ¶ 9, 184 Vt. 589 (mem.).

The jury here was free to credit the complainant's version of the incident rather than defendant's, and could reasonably infer from the totality of the evidence—including the complainant's testimony, her report to the police, and the evidence of her injuries—that defendant committed the assault with the intent to cause serious bodily injury beyond a reasonable doubt. We therefore find no merit to defendant's claim on appeal, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice