STATE of Vermont v. Frederick A.
LITTLE

[705 A.2d 177]

No. 95-243

September 16, 1997. Defendant Frederick Little appeals his conviction for second-degree murder following a jury trial in Chittenden District Court. Defendant claims that the trial court erred when it (1) refused to instruct the jury that defendant was justified in using deadly force to suppress the attempted commission of a felony, (2) instructed the jury that defendant could be found guilty if he acted with wanton disregard of the potential consequences, and (3) admitted certain photographs of the victim. We affirm.

On July 9, 1993, defendant, the victim (Robbie Pasho), and two other friends gathered for a social evening at defendant's house. After spending the night at a club, defendant and Pasho returned to defendant's house around 1:00 a.m., where they sat up talking with defendant's friend, Holli Smith. Defendant then went to bed, leaving Pasho and Smith chatting at the dining-room table.

Defendant testified that later that night he was awakened by Smith, who was next to him in bed squeezing his hand. When defendant opened his eyes, he saw the silhouette of a man at the doorway of the bedroom. After a moment, the man dropped to his knees and started crawling toward the bed. As the man reached the bed, defendant jumped over Smith and began fighting with the intruder. The struggle moved down the hallway and into the living room, where the intruder broke free and ran out the door.

Defendant grabbed his glasses and a handgun and followed the man outside. He saw the man sitting in a car in the driveway and walked up to the car. He testified that the man made a quick motion as if reaching for a gun, whereupon defendant shot him. Defendant testified that at no time during the incident did he recognize the person as Pasho, nor did he recognize Pasho's car. Pasho died almost immediately from a gunshot through the head.

Defendant first asserts that the trial court erred when it refused to instruct the jury that his killing of Pasho was justified if he used deadly force to suppress the attempted commission of a felony. The trial court ruled that the evidence did not support such a charge. See *State v. Cantrell*, 151 Vt. 130, 135-36, 558 A.2d 639, 643 (1989) (to be entitled to instruction on particular defense, defendant must establish prima facie case on each of its elements).

The statute to which defendant refers states that homicide is justified if it occurs "[i]n the suppression of a person attempting to commit murder, sexual assault, aggravated sexual assault, burglary or robbery, with force or violence." 13 V.S.A. § 2305(2). Citing historic sources, defendant urges an interpretation that would justify any killing in the suppression of a listed felony, as long as the felony was committed in the defendant's presence. See 1 J. Chitty, A Practical Treatise on the Criminal Law *16-17 (5th ed. 1847) ("Private individuals are enjoined by law to arrest an offender when present at the time a felony is committed . . . . [W]hen the felony is committed in the view of a private person . . . any one [sic] may justify breaking open doors upon following the felon, and if he kill him, provided he could not otherwise take him, the act is justifiable. . . .").

We see no need to debate the finer points of this eighteenth-century statute, for it is clear that it requires evidence that the victim acted "with force or violence." 13 V.S.A. § 2305(2). There was no evidence of force or violence on Pasho's part until he was attacked by defendant.

Defendant testified that he saw a person's silhouette, which he assumed to be a man, in the bedroom doorway. The man then dropped to his knees and began crawling toward the bed. The fight began only after defendant jumped across the bed and, as he testified, "engaged th[e] intruder." The fight then moved down the hallway and into the living-room area where Pasho broke away and ran from the house. Pasho was killed after defendant got his gun, followed Pasho out of the house, and shot him sitting in his car. Defendant told a detective soon after the incident that he did not believe the intruder had a weapon while in the house, and no weapon was found in Pasho's car. Thus, we agree that the evidence did not support a § 2305(2) justified-homicide charge.

Defendant next argues that the trial court erred in instructing the jury that it could find defendant guilty if defendant acted with wanton disregard, because the wanton-disregard instruction permitted conviction of a crime not charged. We first note that defendant failed to preserve this issue by objecting to the instruction before the jury retired. See V.R.Cr.P. 30; *State v. Pelican*, 160 Vt. 536, 538, 632 A.2d 24, 26 (1993). Therefore, we review defendant's assertion for plain error only. See V.R.Cr.P. 52(b); cf. *Pelican*, 160 Vt. at 538-39, 632 A.2d at 26 (defendant must show claimed error affected substantial rights and had unfair prejudicial impact).

The information charged that defendant "willfully, deliberately and with either the intent to kill or the intent to do great bodily injury" killed Pasho. The court subsequently instructed the jury that defendant could be found guilty of second-degree murder if it found that he acted with intent to kill, intent to do great bodily harm, or wanton disregard of the likelihood that his conduct would naturally cause death or great bodily injury.

As we noted in *State v. Olsen*, 165 Vt. 208, 212, 680 A.2d 107, 109 (1996), intent can be proven by showing that a defendant's actions were not accidental and evinced a wanton disregard for life; the wanton-disregard instruction thus defines implied or constructive intent. Accord *State v. Johnson*, 158 Vt. 508, 518, 615 A.2d 132, 137 (1992). The State's information expressly charged that defendant acted intentionally. Although the State was required to inform defendant of the cause and nature of the accusation against him, see *State v. Phillips*, 142 Vt. 283, 288, 455 A.2d 325, 328 (1982), it was not required to specify how it planned to prove the element of intent. See *Olsen*, 165 Vt. at 212, 680 A.2d at 109. We therefore find no error in the court's instructions.

We also see no error with the jury's answers on the verdict form. In response to the question asking the jury to specify the defendant's state of mind that supported a verdict of second-degree murder, the jury indicated both intent to do great bodily harm and wanton disregard of the likelihood that the conduct would cause death or great bodily harm. Defendant suggests this indicates possible lack of unanimity in deciding an essential element of the crime.

The verdict form, however, clearly instructed the jury that its "decision must be unanimous on one of th[e] three [listed mental states]." Upon seeing the jury's answer, the court immediately queried the foreperson for an explanation, to which she replied that the jury was unanimous on both of the mental states it had indicated. Based on our reasoning above, we see no inconsistency with the jury finding that defendant acted both with intent to cause great bodily harm and with wanton disregard of the likelihood that his conduct would cause death or great bodily harm.

Finally, defendant argues that the court should not have admitted certain photographs, one showing Pasho's body on the autopsy table, one showing a

close-up of Pasho's facial wounds, and the other three showing defendant's gun held next to Pasho's face. In essence, defendant argues that the photographs had no probative value and were needlessly inflammatory. Trial courts have great latitude in deciding whether to admit or exclude evidence, and such decisions will not be reversed absent an abuse of discretion resulting in prejudice. *Gilman v. Towmotor Corp.*, 160 Vt. 116, 122, 621 A.2d 1260, 1263 (1992); see *State v. Rebideau*, 132 Vt. 445, 450, 321 A.2d 58, 61-62 (1974) (admissibility of photographs is matter for discretion of trial court).

Pursuant to V.R.E. 401, evidence is relevant if it has any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. Thus, the test for relevancy — and its companion, probative value — is whether the evidence has any tendency to establish, or refute, the proposition for which it is offered. Reporter's Notes, V.R.E. 401. The record shows that the court heard arguments from both sides concerning the photographs' relevancy before admitting them. The State pointed out that after the shooting Pasho's bloody shirt was found wrapped around his shoes on the car seat next to him. The photograph of Pasho on the autopsy table showed smeared blood on his torso and arm, which the State argued indicated a pause in the fight that lasted long enough for Pasho to remove his shirt upon reaching the car, wipe off some of the blood using his shirt, and then wrap his sandals in the shirt before being confronted by defendant. This pause in the fight indicated that defendant had time to reflect on his actions before he shot Pasho. As to the one photograph of Pasho's face and the three of defendant's gun held next to his face, the State argued they showed that Pasho's wounds lined up with the muzzle of the gun. This indicated that defendant beat Pasho with

the gun prior to shooting him, which conflicted with defendant's story that he only used his fists while fighting with the intruder. The trial court noted that evidence suggesting defendant's version of the story was not credible was relevant, and admitted the photographs after the medical examiner testified that Pasho's facial wounds were not the type expected to be caused by human fists, but were consistent with being beaten with the gun. We see no error in the court's determination that the photographs were relevant.

Nonetheless, defendant asserts that the photographs were "needlessly inflammatory" and therefore should not have been admitted, presumably arguing that the trial court erred in not excluding them pursuant to V.R.E. 403. As we have previously noted, however, nearly all evidence for the prosecution in a criminal case is prejudicial against the defendant to some degree. See *State v. Bruyette*, 158 Vt. 21, 31, 604 A.2d 1270, 1274 (1992). Only evidence that is unfairly prejudicial should be excluded. *Id.*; see V.R.E. 403. Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to the jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or cause other reactions that would result in the jury basing its decision on something other than the established propositions of the case. See *Bruyette*, 158 Vt. at 31, 604 A.2d at 1274. Only when this danger of unfair prejudice substantially outweighs probative value should the evidence be excluded. See V.R.E. 403.

We do not find that the photographs rise to the level of provoking a jury to return a verdict based on its emotional reaction. In addition, the jurors were warned during voir dire that they might be shown such evidence, and a juror who indicated she was disturbed by this possibility was dismissed. Overall, the court did not abuse its discretion in determining that the photographs were relevant,

or in declining to exclude them under Rule 403.

*Affirmed.*

Motion for reargument denied October 9, 1997.