2011 VT 36

**STATE of Vermont v. Elliot RUSSELL**

[22 A.3d 455]

No. 09-232

¶ 1. April 11, 2011. Defendant appeals his jury conviction for aggravated assault, arguing: (1) it was error to admit certain correspondence he sent while incarcerated because its content was irrelevant and prejudicial; (2) the evidence presented was not sufficient to support a jury verdict of guilty; and (3) the court's denial of his request for a jury charge on the lesser offense of simple assault was in error. We affirm.[1]

¶ 2. This case arose from a December 10, 2007 incident at the Redd Rascal Pub in Bennington where defendant was

[1] Defendant's motion to strike a portion of the State's brief filed September 29, 2010, is dismissed as moot because we come to our conclusion without reliance on facts contained solely within the disputed portion.

drinking with a group of companions, including Henry Dummeyer. The victim and his friend, Felix Rivera, were also drinking in the pub. Defendant and Dummeyer were smoking outside the pub when Dummeyer's girlfriend, Sonja Glennon, told them that the victim had made an upsetting comment directed at her. Glennon testified that she knew the victim from high school. The victim and Rivera exited the bar and were walking away down the street when Dummeyer shouted for the two to come back. Rivera and the victim stopped but did not return, so Dummeyer and defendant began walking toward them. When Dummeyer and defendant reached the men Dummeyer began yelling about the victim's behavior toward his girlfriend. As they were exchanging angry words back and forth, defendant and the victim became engaged in a physical altercation.

¶ 3. The two men soon separated, and Rivera saw the victim holding his stomach and defendant with a knife in his hand. Rivera described it as having "a hook blade." According to Rivera, defendant then came after him with the knife. The victim came to Rivera's aid, kicking defendant out of the way, at which point defendant left the scene. Then Dummeyer began physically attacking the victim who tried to fight back while exclaiming "I've been stabbed." At some point Dummeyer too left the scene. Rivera contacted emergency services while driving the victim to the hospital, and indicated the victim had started the fight. At the hospital, doctors treated the victim for injuries to the head, chest, and abdomen, consistent with stab wounds.

¶ 4. Defendant was charged with two counts of attempted second-degree murder under 13 V.S.A. § 2301, one count of aggravated assault under 13 V.S.A. § 1024(a)(2), and one count of attempted aggravated assault, also under § 1024(a)(2). At the close of evidence defendant requested the jury be instructed that simple assault under 13

V.S.A. § 1023(a)(2) is a lesser included offense of the aggravated assault charge, but his request was denied.

¶ 5. Aggravated assault under 13 V.S.A. § 1024(a)(2) requires specific intent to harm. *State v. Blakeney*, 137 Vt. 495, 501, 408 A.2d 636, 640 (1979). To that end, the State sought to introduce certain letters defendant wrote before the altercation in which he threatened the victim. During the summer of 2007, while incarcerated for an unrelated crime, defendant routinely corresponded with Allison Pelletier. In her letters, Pelletier would sometimes complain about her ex-boyfriend, the victim. In his replies, defendant told Pelletier to stay away from the victim. Defendant also threatened the victim in several of these letters, stating: "I will fuck [the victim] up," "[the victim] will get his ass beat sooner or later," and "[i]n due time, [the victim] will get his." Defendant moved to exclude these letters, arguing that they were irrelevant and prejudicial because both the victim and defendant claimed not to have recognized each other during the fight. Over defendant's objections, the court allowed portions of the letters to be read at trial. The jury found defendant guilty of aggravated assault, and defendant appealed.

¶ 6. Defendant argues that admitting his letters to Pelletier was error because their content was irrelevant and prejudicial. We apply a deferential standard of review to the trial court's evidentiary rulings and will reverse its decision "only when there has been an abuse of discretion that resulted in prejudice." *State v. Desautels*, 2006 VT 84, ¶ 12, 180 Vt. 189, 908 A.2d 463. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." V.R.E. 401. "The test of relevancy is thus not whether the evidence makes the proposition for which it is offered more probable

than competing propositions, but rather whether the evidence has *any* tendency to establish (or refute) the proposition." Reporter's Notes, V.R.E. 401 (emphasis added).

¶ 7. The letters were admitted to establish the proposition that defendant had motive and intent to harm the victim. The fact that defendant wrote letters in which he threatened the victim has a "tendency to establish" this proposition, but defendant argues that the State has failed to prove defendant knew the victim's identity by sight, and thus the letters are nevertheless irrelevant.

¶ 8. When determining relevancy, we allow " 'great latitude' " in the admission of " 'circumstantial evidentiary facts,' " and " 'everything that tends to connect the supposed evidentiary fact with the *factum probandum*, is admissible to prove that fact.' " Reporter's Notes, V.R.E. 401 (quoting *State v. Ryder*, 80 Vt. 422, 426, 68 A. 652, 654 (1908)). The State provided several pieces of circumstantial evidence that support the inference that defendant knew the victim's identity the night of the incident. Glennon, who directed defendant towards the victim the night of the fight, knew the victim's identity. Furthermore, Pelletier testified that she believed defendant and the victim had met, and defendant had told her "he knew who [the] victim was." When viewed in light of this circumstantial evidence, it cannot be said that the letters failed to have any tendency to establish the proposition that defendant intended to do the victim harm. We thus find no abuse of discretion in the trial court's ruling that the letters were relevant.

¶ 9. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evi-

dence." V.R.E. 403. However, one disputing an evidentiary ruling under this section "must overcome a very deferential standard of review." *State v. Lee*, 2005 VT 99, ¶ 11, 178 Vt. 420, 886 A.2d 378. "Rule 403 rulings are highly discretionary, even more so when they refuse to exclude evidence because the rule provides that the danger of unfair prejudice must *substantially outweigh* the probative value of the evidence." *Id.* (quotations omitted). Thus, "[a]bsent an abuse of discretion, in which the court either totally withholds or exercises its discretion on clearly untenable or unreasonable grounds, the trial court's evidentiary ruling stands on appeal." *Id.* (quotations omitted).

¶ 10. The letters were the only evidence tending to show defendant intended to harm the victim before the incident. They were thus highly probative. Defendant claims the letters are prejudicial because they show he had a motive to harm the victim other than in self-defense or in response to the victim's comments to Glennon. However, the pertinent inquiry is whether the evidence is *unfairly* prejudicial. "Evidence tending to inculpate the defendant always carries with it some prejudice. Rule 403 excludes only unfairly prejudicial evidence if such prejudice substantially outweighs the probative value. Evidence is unfairly prejudicial if its primary purpose or effect is to provoke horror or punish the defendant, or to appeal to the jury's sympathies." *State v. Kelley*, 163 Vt. 325, 329, 664 A.2d 708, 711 (1995) (citations omitted). Here, the proposition for which the letters were offered was to prove that defendant had a motive to harm the victim beyond the events of that night. The fact that this created the possibility that the jury might infer defendant had an independent motive to harm the victim does not show the evidence was unfairly prejudicial, merely that it was highly relevant. We find the judge struck the appropriate balance when weighing the letters' potential

prejudice with their probative value and thus find no abuse of discretion.

¶ 11. Defendant next contends that the evidence presented by the State was insufficient to prove him guilty of aggravated assault under 13 V.S.A. § 1024(a)(2), and thus, defendant should be acquitted. The inquiry on review of a motion for judgment of acquittal is whether "the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." *State v. Delisle*, 162 Vt. 293, 307, 648 A.2d 632, 641 (1994) (quotations omitted). "[A] judgment of acquittal is proper only if the prosecution has failed to put forth *any* evidence to substantiate a jury verdict." *State v. Couture*, 169 Vt. 222, 226, 734 A.2d 524, 527 (1999) (emphasis added).

¶ 12. "A person is guilty of aggravated assault if [he] attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon." 13 V.S.A. § 1024(a)(2). The victim, Rivera, and two other witnesses all testified to having seen defendant and the victim in a physical altercation. Through Rivera's testimony, the State presented evidence that defendant had attacked the victim with a deadly weapon. Rivera saw defendant holding a knife with a "hook blade" immediately after defendant's altercation with the victim. The victim himself testified that defendant was the only one who was close enough to have stabbed him. Further, the State presented evidence that while defendant initially told detectives he did not have a knife, he later admitted that he did in fact have a "hooked" knife on him during the fight. Another witness, Melissa Barker, likewise testified she had seen defendant with a knife that evening.

¶ 13. Viewing this evidence in the light most favorable to the State, we find it would fairly and reasonably convince the trier of fact that defendant was guilty of aggravated assault beyond a reasonable doubt. It cannot be said that the State here "failed to put forth *any* evidence to substantiate [the] jury verdict," and thus a judgment of acquittal is not warranted. *Couture*, 169 Vt. at 226, 734 A.2d at 527 (emphasis added).

¶ 14. In defendant's final argument, he claims that the court's refusal to instruct the jury on the lesser included offense of simple assault was a reversible error. "A party appealing a jury charge has the burden of establishing that the charge was both clearly erroneous and prejudicial." *Knapp v. State*, 168 Vt. 590, 591, 729 A.2d 719, 720 (1998) (mem.).

¶ 15. At trial, the judge instructed the jury on aggravated assault, which required the State to prove that: (1) defendant; (2) purposely or knowingly caused; (3) bodily injury to the victim; (4) with a deadly weapon. 13 V.S.A. § 1024(a)(2). Defendant argues the judge erred in denying his request for an instruction on simple assault as a lesser included offense pursuant 13 V.S.A. § 1023(a)(2). To be found guilty of simple assault a defendant must have: (1) negligently caused; (2) bodily injury to the victim; (3) with a deadly weapon. *Id.* § 1023(a)(2). A crime is a lesser included offense of a crime "if it is composed of some, but not all, elements of the greater offense and does not have any element not included in the greater offense." *State v. Forbes*, 147 Vt. 612, 616-17, 523 A.2d 1232, 1235 (1987). All elements of simple assault under § 1023(a)(2) and aggravated assault under § 1024(a) are identical except for the level of intent required: negligence versus purposely or knowingly. The negligence element required for simple assault is subsumed within the purpose and knowledge requirements of aggravated assault, see *State v. Bolio*, 159 Vt. 250, 253-54, 617 A.2d 885, 887 (1992) ("When the State

establishe[s] the higher culpable mental state of specific intent, it necessarily establishe[s] the lower state of recklessness or negligence."), and therefore simple assault contains no element not included in aggravated assault. Thus defendant is correct that simple assault under 13 V.S.A. § 1023(a)(2) is a lesser included offense of aggravated assault under 13 V.S.A. § 1024(a)(2).[2]

¶ 16. We have held that "[a] defendant is entitled to jury instructions on a lesser offense than that which is charged if the elements of the lesser offense must necessarily be included in the greater offense." *Bolio*, 159 Vt. at 252, 617 A.2d at 886. However, this entitlement is not absolute. An instruction of a lesser included offense is proper only when the evidence reasonably supports such an instruction. See, e.g., 13 V.S.A. § 14; *State v. Wright*, 154 Vt. 512, 518-19, 581 A.2d 720, 724-25 (1989) (upholding denial of manslaughter instruction because facts supported finding of either felony murder or no homicide at all).

¶ 17. In the present case, we are unconvinced that the evidence reasonably supported an instruction on simple assault. Defendant drew a knife on an unarmed man at close range, aimed the weapon at several vital areas, stabbing the victim above the eye, in the abdomen, and puncturing the lung. It was not disputed that the knife was a deadly weapon. Under these circumstances, the evidence did not reasonably support an instruction on simple assault, a crime based in negli-

gence. The trial court's determination was therefore proper.

*Affirmed.*

---

[2] We note that this finding applies only to the sections discussed here, 13 V.S.A. § 1023(a)(2) and 13 V.S.A. § 1024(a)(2). We do not find that every manner of simple assault is necessarily a lesser included offense of every manner of aggravated assault; it will depend upon the section(s) charged.