*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-462

OCTOBER TERM, 2014

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Bennington Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Jay C. Allard | } DOCKET NO. 444-5-11 Bncr |

Trial Judges: David Howard &
Cortland T. Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals his jury convictions of sexual assault, three counts of lewd or lascivious conduct with a child, furnishing alcohol to minor, and contributing to the delinquency of a minor. Defendant argues that the court erred in denying his motion for acquittal based on lack of evidence of intent, denying his request to depose the minor complainant, and denying a mistrial based on the complainant's allegedly prejudicial statement during her testimony. We affirm.

The charges stemmed from defendant's actions toward the minor complainant R.S. At the time, defendant was 53 and R.S. was 14. R.S. testified to the following at trial. R.S. met defendant through an ex-boyfriend. She alleged that defendant befriended her and she communicated with him on Facebook. She would go to his house, smoke pot, talk, and look at defendant's art, including pictures defendant had drawn of R.S. She testified that defendant bought her alcohol. She stated that she exercised with defendant, and on several occasions defendant massaged her, and touched her breasts. R.S. stated that his compliments and touching made her uncomfortable and she asked him to stop. She also stated that he put his hands down her pants and touched her vagina while she was on an exercise ball. She further testified that on one occasion, defendant picked her up from a party when she was intoxicated, took her to his house and performed oral sex on her.

On appeal, defendant first claims that the evidence was insufficient to show that he had the requisite intent for lewd or lascivious conduct with a child. For those charges, the State was required to show that defendant committed a lewd act on the body of a child "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of such person or of such child." 13 V.S.A. § 2602(a)(1). At the close of the State's case, defendant moved for acquittal on several of the charges. Defendant argued in part that in regard to the lewd-or-lascivious-conduct charges there was no evidence to demonstrate that he touched R.S. on the vagina with the requisite intent. He contended that the evidence merely demonstrated that when she was on the exercise ball, he touched her for purposes of exercise and not for sexual arousal. The court

denied the motion, explaining that in context there was sufficient evidence for the jury to find that defendant touched R.S. to gratify his lust or sexual desire. Defendant renewed his motion at the close of the evidence, and it was again denied.

On appeal, defendant reiterates his argument that the evidence was insufficient to demonstrate the requisite intent for lewd or lascivious conduct. The standard to apply to a motion for acquittal is "whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Russell, 2011 VT 36, ¶ 11, 189 Vt. 632 (mem.) (quotation omitted).

At trial, R.S. testified that while she was on the exercise ball, defendant put his hand down her pants and touched her vagina, quickly removing it She stated that he did this on three or four different occasions . R.S. testified that she told defendant it made her feel uncomfortable, and on each occasion he then stopped, but he repeated his attempts on other days. R.S. also testified that on other occasions defendant asked to feel her breasts so that he could "get hard." In sum, when the evidence is viewed in the light most favorable to the State, it showed that defendant touched R.S. in her genital area skin-to-skin, and he did it even after she said she felt uncomfortable. Further, on other occasions, defendant asked to touch and feel R.S.'s breasts so he could get hard—clearly for purposes of sexual arousal. These statements, although subsequent to the actual lewd act, were relevant to demonstrating defendant's intent in touching R.S. See State v. Squires, 2006 VT 26, ¶¶ 11-13, 179 Vt. 388 (explaining that defendant's contemporaneous and subsequent comments relevant to his intent in touching minor). Therefore, there was a basis for the jury to fairly and reasonably conclude that defendant acted to arouse or appeal to his lust or sexual desire, and the court did not err in denying defendant's motion for acquittal.

Defendant also claims that the court erred in denying his request to depose R.S. prior to trial. Under Vermont Rule of Criminal Procedure 15(e)(5)(A), in enumerated sexual assault cases, including those regarding lewd and lascivious conduct with a child, no deposition of a victim under sixteen is permitted except with agreement or court approval. In assessing whether to allow a deposition, the court is directed to consider whether the child's testimony is necessary, the evidence is available through other means, and whether the probative value outweighs the potential detriment to the child. V.R.Cr.P. 15(e)(5)(B). The court may consider the availability of recorded statements. Id. On appeal, we review the court's discovery rulings for abuse of discretion. See State v. Lee, 2007 VT 7, ¶ 15, 181 Vt. 605 (mem.).

Defendant sought to depose R.S. before she turned 16 and many months prior to trial, claiming that her credibility was critical to the defense and a deposition was necessary to inquire into issues or evidence that may lead to the discovery of exculpatory information. A hearing was held, and there was testimony from R.S.'s counselor and mother. The court found, based on evidence from R.S.'s therapist, that R.S. had post-traumatic stress disorder and major depression. The court further found that R.S. had an unstable frame of mind and mental-health status, and discussion of the allegations against defendant caused her to regress and to engage in self-harm. The court found that R.S. would suffer serious trauma if required to go through a deposition. The court acknowledged that the complainant's testimony was relevant but noted there were recorded interviews that were available to defendant. The court concluded that the probative value of a deposition was minimal while the potential detriment to R.S. was extremely high. The

2

court noted that defendant's proffered reasons for deposing R.S. would be present in almost every sexual assault case and reasoned that it would contravene the purpose of the rule severely limiting depositions of minors if a deposition was allowed for such a general reason. The court's denial of defendant's request was supported by the evidence and based on reasonable grounds. Therefore, we conclude the court appropriately exercised its discretion.[*]

Finally, defendant argues that the court erred in denying his motion for a mistrial. Defendant's motion for a mistrial arose from a statement R.S. made during her testimony. When she was questioned about her disclosure of defendant's conduct, she stated that she recounted the incidents with defendant to her counselor, who, as a mandatory reporter, told police. R.S. did not, however, initially report the oral sex to her counselor. When the prosecutor questioned her about why she finally decided to report that incident, R.S. answered that she saw several items on defendant's Facebook page that made her realize she "wasn't the only person." Defendant objected and during a bench conference, the prosecutor stated that it was not the answer she was expecting and a curative instruction was in order. Defendant argued that the statement was so prejudicial that an instruction could not cure it, and moved for a mistrial. The court immediately instructed the jury to disregard the last answer. The court then took a recess, permitted further argument on the motion for mistrial, and ultimately ruled that it was an inadvertent error and could be sufficiently cured with an instruction. When the jury returned, the court instructed:

> The last answer given by the witness was unreliable speculation on her part and constitutes unreliable hearsay which is not admissible evidence. I have struck that answer in its entirety from the record. You are not to consider it in any manner. For you to consider that answer in any manner would deny Mr. Allard a fair trial.

On appeal, defendant claims that the statement was prejudicial because it implied that there were other victims and that an instruction could not undo this prejudice. The trial court has discretion in ruling on a motion for a mistrial, and this Court will not reverse unless it appears "that a denial of the motion has resulted in prejudice to the moving party, with the burden of proof being on the movant." State v. Gemler, 2004 VT 3, ¶ 16, 176 Vt. 257 (quotation omitted). The existence of prejudice is dependent on the entirety of the facts and circumstances. Id.

When the comment is viewed in the context of the entire trial, the court did not abuse its discretion in concluding that any prejudice could be cured by an instruction and did not warrant a new trial. See State v. Mears, 170 Vt. 336, 345 (2000) (explaining that trial court's determination of whether defendant suffered prejudice to warrant new trial depends on "totality of the circumstances, considering the testimony within the context of the entire proceedings"). The remark was vague; it did not directly state that there were other victims, or that R.S. believed defendant had assaulted other girls. It did not suggest that contact with the others was sexual in nature, of if so, non-consensual. To the extent that the statement could be construed as indicating defendant had contact with other minors, defendant admitted this fact during this testimony. It was also an isolated statement that was not repeated or used in a prejudicial manner

---

[*] The State argues the defense waived any objection to the Court's ruling concerning the deposition of the victim by not renewing the request once she turned 16. We need not reach this argument because we conclude that the court did not abuse its discretion in denying the request for a deposition.

by the prosecution.  See <u>State v. Desautels</u>, 2006 VT 84, ¶¶ 10-11, 180 Vt. 189 (evaluating whether witness's statement that defendant was located at parole officer's office warranted a new trial and concluding that in context of case remark was minor and unlikely to prejudice jury since not used or repeated by prosecutor).  Therefore, the possibility of prejudice was minimal. Further, the court gave the jury an "immediate and unequivocal" instruction to cure any prejudice.  <u>Mears</u>, 170 Vt. at 346 (noting importance of curative instruction).

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice