¶ 36.
Skoglund, J.,
dissenting. “In the case of a mentally ill defendant, with serious criminal charges pending against him and who has allegedly violated the conditions of the nonhospitalization order under which he was released into the community, the public *609 interest is profound.” State v. Koch, 169 Vt. 109, 116, 730 A.2d 577, 582 (1999). I wrote that sixteen years ago in Koch and still agree with the statement. But, while there may be a valid public interest in this case, it does not trump a trial judge’s careful exercise of discretion in admitting into evidence only the relevant portions of a competency evaluation. That exercise of discretion is exactly what the law allows and the statute contemplates a responsible jurist will do when deciding what evidence should become a public record.
¶ 37. In both cases before this Court, the parties stipulated to the incompetency of defendants. Then, the court ordered briefing on the issue of admission of the competency evaluations. The defense asked for redaction of portions of the report and the State argued the entire report was relevant and admissible.
¶ 38. The trial court found that “not all of the information typically present in a competency report is directly related to the determinations that are the report’s object.” The trial court then contrasted elements of competency reports that should not be redacted or sealed — i.e., the evaluator’s impressions of the defendant and specific findings regarding competence — with elements that could be sealed because they were not related to competency, such as personal history, past diagnoses, medical and substance abuse history. As a result, the trial court decided portions of defendants’ competency evaluations were not relevant to the question being decided — that is, whether they were competent to stand trial.
¶ 39. This appeal should be resolved by a plain reading of 13 V.S.A. § 4816(e): “The relevant portion of a psychiatrist’s report shall be admitted into evidence as an exhibit on the issue of the person’s mental competency to stand trial.” That sentence is not difficult to parse.
¶ 40. By its unambiguous terms, § 4816(e) limits the admission of a psychiatrist’s report to “the relevant portion.” Evidence Rule 401 provides: “‘Relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” V.R.E. 401. Relevance is one of the core principles ensuring the reliability of fact finding conducted in judicial proceedings. It is the central test governing admissibility of evidence.
*610 ¶ 41. We have examined relevancy as it relates to competency evaluations in several cases. In State v. Oakes, 129 Vt. 241, 276 A.2d 18, cert. denied, 404 U.S. 965 (1971), we recognized the trial court’s broad discretion over admission of competency evaluations. In Oakes, the defendant challenged testimony of the examining physician that reported what defendant had said about his drinking habits. Even though the facts “did not tend to establish, in any way, the truth or falsity of the charge,” the Court found no error because “these facts were essential ingredients in the full evaluation of the issue of the respondent’s sanity, or lack of it.” Id. at 257, 276 A.2d at 28. Moreover, as the trial progressed, “the relevance of this testimony on that issue became even more pronounced.” Id.
¶ 42. We accorded the same evidentiary discretion to the trial court in State v. Whitney, 2005 VT 102, 178 Vt. 435, 885 A.2d 1200. In Whitney defendant was found competent to stand trial based on the stipulation of the parties. But Whitney feared release of the competency report would compromise his ability to get a fail-trial. His motion to seal the report was denied by the trial court and he appealed. Beyond deciding that Whitney’s arguments failed to demonstrate prejudice, this Court held his motion was “based primarily, if not exclusively, on his claim that court rules did not allow public access to the competency report because the report had not been admitted into evidence.” Id. ¶ 4. See also P.A.C.R. 6(b)(19) (denying public access to “evaluation[s] by a mental health professional to determine the competency to stand trial and/or sanity of a criminal defendant, if not admitted into evidence”). This Court found Whitney’s argument to be merely technical and, relying on 18 V.S.A. § 4816(d),[1] stated:
“The relevant portion” of the report “shall be admitted into evidence as an exhibit on the issue of the person’s mental competency to stand trial and the opinion therein shall be conclusive on the issue if agreed to by the parties and if found by the court to be relevant and probative on, the issue.
Id. ¶ 10 (emphasis in original). The majority affirmed the trial court’s decision.
*611 ¶ 43. Because Whitney was found competent, I argued in dissent that the only relevant part of the report would have been that containing the psychiatrist’s conclusions concerning the defendant’s ability to understand the legal process, to appreciate the charges against him and to assist in his defense — that is, his competency to stand trial. Id. ¶ 26. Still, I appreciate the Whitney majority’s implicit deference afforded to the trial court’s evidentiary decision.[2] I fail to see why that deference is not afforded in this case.
¶ 44. A common thread ties our cases discussing relevancy and competency reports together: the deference afforded the trial court. Indeed, in all cases involving evidentiary decisions “[t]rial courts have great latitude in deciding whether to admit or exclude evidence, and such decisions will not be reversed absent an abuse of discretion resulting in prejudice.” Little, 167 Vt. at 579, 705 A.2d at 180. The deference afforded to the trial court is reflected in our standard of review for evidentiary decisions: abuse of discretion. State v. Lumumba, 2014 VT 85, ¶ 3, 197 Vt. 315, 104 A.3d 627 (quoting Desautels, 2006 VT 84, ¶ 12 (“On review, we generally accord deference to the court’s decision to admit or deny evidence, and will reverse the trial court’s ruling ‘only when there has been an abuse of discretion that resulted in prejudice.’ ”). Moreover, the party who objects to the evidentiary decision must demonstrate that they suffered prejudice to overcome the deferential presumption. Id. Discretion is abused when a *612 court “either totally withholds or exercises its discretion on clearly untenable or unreasonable grounds.” State v. Russell, 2011 VT 36, ¶ 9, 189 Vt. 632, 22 A.3d 455 (mem.) (quotation omitted). I analyze the trial court’s decision with that standard in mind.
¶ 45. What is the “action” should be the first consideration when evaluating the relevance of evidence. V.R.E. 401; see McCormick, Evidence § 185, at 541 (3d ed. 1984). Here, the matter under consideration is whether the defendants were competent to stand trial. Nothing more. “In order for evidence to be relevant!,] . . . it must tend to support the proposition for which it was offered.” State v. Dragon, 130 Vt. 334, 341, 292 A.2d 826, 831 (1972).
¶ 46. An examination to determine a defendant’s competency focuses on only two issues, the mental competency of the person examined to stand trial for the alleged offense and the sanity of the person examined at the time of the alleged offense. 13 V.S.A. § 4816(a). In both cases before us, the examination was solely to determine competency. Regarding competency to stand trial, the evaluating psychiatrists described the standard as follows: “whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.” Thus, the relevant portion of an examination would be that containing the psychiatrist’s conclusions concerning defendant’s ability to understand the legal process, to appreciate the charges against him, and to assist in his defense — that is, his competency to stand trial.
¶ 47. The court ruled that “not all of the information typically present in a competency report is directly related to the determinations that are the report’s object.” In balancing the interests at play — limited public access under RA.C.R. 6(b)(19) and open access under Whitney — the court found it appropriate to redact the report. The court found that the sections of the competency reports detailing some medical records, data pertaining to competency, legal history, competency assessment, mental status exam, and the ultimate conclusion — competence to stand trial — were relevant. The court then accepted the stipulation of incompetency based on these “relevant portions” in compliance with 13 V.S.A. § 4816(e). This evidentiary decision is a trial court’s bailiwick and should not be overturned unless untenable. Russell, 2011 VT 36, ¶ 9 (stating that discretion is abused when a court “exercises its discretion on clearly untenable or unreasonable *613 grounds.”)- Moreover, the range of private information present in a competency evaluation suggests that we should encourage trial judges to undertake this very analysis.
¶ 48. A Ninth Circuit case, United States v. Guerrero, 698 F.3d 990 (9th Cir. 2012), illustrates the scope of information contained in a competency evaluation. Guerrero was indicted for first-degree murder, first-degree murder of a United States correctional officer, and murder by a federal prisoner serving a life sentence. The government sought the death penalty. A competency evaluation and a Neuropsychological Evaluation report were prepared by the defense, and the Bureau of Prisons forensic psychologist submitted a forensic evaluation of Guerrero’s competence to stand trial. Guerrero filed an interlocutory appeal of the district court’s order denying his motion to seal his pretrial competency proceedings and related filings. On appeal, the court found it lacked jurisdiction but evaluated the issues thoroughly.
¶ 49. Guerrero argued that his right to privacy outweighed any public right of access. He noted that the evaluation reports describe his mental illnesses and cognitive defects, his academic record as a child, his social history, physical and sexual abuse he experienced and the names of his minor daughter and other relatives. Focusing on the competency evaluation and Guerrero’s right to privacy, the district court stated that to the extent that Guerrero’s privacy rights were cognizable, they were largely surrendered by the fact that he had placed his competency at issue.
¶ 50. The Ninth Circuit rejected that analysis. “We do not agree with the district court that a defendant surrenders his right to privacy because he may not be constitutionally fit to stand trial.” Id. at 1003. Instead, the Ninth Circuit indicated that courts may give weight to the privacy interests of defendants when considering access to judicial proceedings, and noted that these interests can be protected by alternatives to full disclosure, such as protective orders and redaction. Id.
¶ 51. A decision by the court that a person accused of a crime is not competent to be tried is, of course, in the public’s sphere of interest. See Koch, 169 Vt. at 116, 730 A.2d at 582. However, I posit that the public does not have a legitimate interest in an incompetent defendant’s early childhood education, his family’s medical and psychological history, and any history of abuse or neglect. Nor would such information tend to show a defendant’s *614 competency is more or less probable than it would be without the evidence. And, I stress that everything the public finds interesting is not necessarily in the public interest, as that concept is understood in the legal community.
¶ 52. Basically this appeal is simple. The State disagrees with the trial court’s evidentiary ruling on relevance. But, the State has not demonstrated that the trial court’s decision to redact portions of the competency reports prejudiced it in any sense. See Desautels, 2006 VT 84, ¶ 12 (requiring an abuse of discretion resulting in prejudice). I fail to see how protecting a defendant’s early childhood education, his family’s medical and psychological history, and any history of abuse or neglect can be prejudicial to the State.
¶ 53. The State argues that the integrity of the judicial process depends in large part on public scrutiny. Agreed. But, all documents considered by a court in making significant judicial decisions are not provided to the public. Surely the public is interested in criminal sentencing, and rightly so. However, they are forbidden access to presentence investigation reports. V.R.Cr.P. 32(c)(1).
¶ 54. At times, sensitive information must be carefully handled. To this end, the Rules of Access specifically exclude certain records: those pertaining to adoption proceedings, RA.C.R. 6(b)(1), sterilization proceedings, RA.C.R. 6(b)(2), grand juries, RA.C.R. 6(b)(3), analysis of DNA of a person, RA.C.R. 6(b)(8), and records of the court in mental health and mental retardation proceedings under part 8 of Title 18, unless “failure to make disclosure would be contrary to the public interest.” RA.C.R. 6(b)(5). In fact, thirty-four specific records are denied the public under the rules. See generally RA.C.R. 6.
¶ 55. Further, 7(a) of the Rules of Access specifically endorses redaction as an appropriate tool for the courts when a record is accessible to the public. RA.C.R. 7(a). Our general statutory scheme indicates that the integrity of the judicial system depends not only on promoting public access, but also on protecting sensitive information. Although “inquiring minds” may “want to know,” the court does not publish the National Enquirer.
¶ 56. Unlike the situation presented in State v. Koch, the issue is not the right of access to a hearing on hospitalization or the sealing of an ONH. See generally Koch, 169 Vt. at 117, 730 A.2d at 583. This appeal simply concerns an evidentiary decision by the *615 trial court. While the majority wants more findings, I find sufficient information in the court’s balanced approach to satisfy myself that there was no abuse of discretion.
¶ 57. I respectfully dissent.

 The language contained in the former 13 V.S.A. § 4816(d) is the same language contained in the current 13 V.S.A. 4816(e); the statute was amended in 2010. See 2009, No. 146 (Adj. Sess.), § C25a.

 Although the Whitney majority made clear that the right to access trumped the defendant’s technical arguments regarding admission of the reports, Whitney, 2005 VT 102, ¶ 10, the majority did not indicate whether Evidence Rule 401 or Evidence Rule 403 was the more appropriate vehicle to consider relevance under 13 V.S.A. § 4816(d). Given the Whitney majority’s focus on the defendant’s inability to demonstrate prejudice, id. ¶ 4, I assume Evidence Rule 403. See Reporter’s Notes, V.R.E. 403 (allowing a trial court to exercise its discretion “to exclude evidence that is technically relevant if its probative value is outweighed by dangers of prejudice”). Consideration under Evidence Rule 403 may be more appropriate because the rule allows a trial court to balance the “liberalized provisions in the area[ ] of competence” with possible prejudice to the defendant in the form of public disclosure. Id, In this case, on the other hand, the majority asks the trial court to make findings based on Rule 401. See ante, ¶ 33. I understand that in practice, however, analysis under Evidence Rule 401 and Evidence Rule 403 blends together. My point is that, regardless of the evidence rule used, the trial court’s evidentiary decision must be afforded substantial deference. See State v. Desautels, 2006 VT 84, ¶ 12, 180 Vt. 189, 908 A.2d 463; State v. Little, 167 Vt. 577, 579, 705 A.2d 177, 180 (1997) (mem.).