VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-400



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2026

State of Vermont v. Seth Provencher\*  }    APPEALED FROM:
 }    Superior Court, Addison Unit,
 }    Criminal Division
 }    CASE NO. 22-CR-04596
 }    Trial Judge: David R. Fenster

In the above-entitled cause, the Clerk will enter:

Defendant appeals his conviction of burglary into an occupied dwelling following a jury trial.  On appeal, defendant argues that the court abused its discretion by admitting evidence of him carrying a bat prior to entering the house then using that bat to damage a car shortly after exiting the house, and by denying his motion for a mistrial based on unsolicited comments at trial regarding his children's presence at the incident.  We affirm.

Defendant and his former girlfriend were in a long-term relationship and had two children together.  After their relationship ended, the girlfriend began dating someone new.  In May 2022, defendant was angry with her and went to the home of her new partner.  Following his actions that day, he was charged with burglary, simple assault, domestic assault, and unlawful mischief.

The State presented the following evidence at trial.  On the day of the confrontation, defendant was caring for the children.  He went to the home of his girlfriend's new partner with the children in the car.  Defendant walked up to the door of the residence without an invitation.  He was carrying a bat and yelling.  The girlfriend was inside and heard rapping at the door.  She went to the front door and saw defendant with the bat.  She repeatedly told him to leave.  Defendant told her that he was there to find the new partner and "do damage to him."  She testified that defendant looked "really scary" at the time, was yelling, and was tapping the bat on the door.  The girlfriend videoed the encounter.  The State admitted two short videos, which show defendant at the door asking for the whereabouts of the new partner and stating that he would "kick his ass."  The door was locked, but defendant broke the door and pushed his way

inside, damaging the door. The girlfriend testified that she was injured when the door was pushed in. After defendant entered, she went out to the children.

Defendant left the bat outside and went in to confront the new partner. The new partner testified that he saw defendant walking towards the house with a bat and called 911. He heard defendant break the door and make threats. After defendant went upstairs, there was a physical altercation between the two. The new partner stated that he charged at defendant with a chair and that the two wrestled. He sustained a knee scrape and other injuries. After the fight ended, defendant went outside and used the bat to smash the windows of the new partner's car. The police officers who arrested defendant testified that defendant admitted at the time that he had "every right to beat [the new partner] up" and that the new partner deserved worse. The State also admitted defendant's written statement regarding the incident. In the statement, defendant described going to the new partner's home with the kids in the car and then breaking the door by shouldering it and fighting with the new partner once inside.

Prior to trial, defendant moved to exclude evidence and testimony regarding the bat and the damage to the car, arguing that they would not be relevant because he intended to plead guilty to unlawful mischief for damaging the car. On the morning of trial, defendant entered a guilty plea to unlawful mischief. The court found that the fact that defendant carried the bat to the house was probative of defendant's intent for the burglary charge and to defendant's claim of self-defense on the assault charge. The court excluded photos of the damage to the car as irrelevant to the three charges being tried. At trial, the State sought to introduce the videos that the girlfriend took. Defendant objected on the ground that the videos showed him with a bat and he claimed that his possession of the bat was not relevant to the charges at trial. The court admitted the videos, concluding that defendant's behavior prior to entering the home was relevant to the intent element of the burglary and assault charges. The jury acquitted defendant of domestic assault and simple assault but returned a guilty verdict for burglary.

On appeal, defendant first argues that the court abused its discretion in admitting photos and videos showing him with the bat.[1] He asserts that the bat was not relevant and unfairly prejudicial. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." V.R.E. 401. Under Vermont Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." V.R.E. 403. This Court reviews the trial court's decision regarding evidentiary matters for an abuse of discretion. State v. Russell, 2011 VT 36, ¶ 6, 189 Vt. 632 (mem.). "The discretion of the trial court is broad when reaching a decision based on the balancing test under Rule 403." State v. Shippee, 2003 VT 106, ¶ 13, 176 Vt. 542 (mem.).

The court did not abuse its discretion here in finding that the bat was probative of defendant's intent with respect to the burglary and assault charges and to defendant's claim of

---

[1] Defendant's brief also states that evidence of the unlawful mischief conviction was admitted and not relevant but does not provide any argument on that point. Therefore, we do not address this assertion.

self-defense to the assault charge. To prove burglary, the State had to prove that defendant had the specific intent to enter the house with the intent of committing an assault inside. 13 V.S.A. § 1201(a) (providing that "person is guilty of burglary if he or she enters any building or structure knowing that he or she is not licensed or privileged to do so, with the intent to commit a felony, petit larceny, simple assault, or unlawful mischief"); see State v. Corliss, 149 Vt. 100, 103 (1987) (explaining that burglary occurs when one enters building unlawfully "with the intent to commit a crime therein"). The fact that defendant approached the house with a bat in his hand and rapped on the door with it was relevant to showing his intent for entering the house. In addition, to prove assault the State had to prove that defendant purposefully or knowingly caused bodily injury to another. 13 V.S.A. § 1023(a). Again, defendant's act of approaching the home with the bat while threatening the new boyfriend was relevant to his intent once he entered the home even if he no longer held the bat. The court properly weighed the probative value against any undue prejudice and acted within its discretion in admitting the evidence. See State v. Longley, 2007 VT 101, ¶ 15, 182 Vt. 452 (explaining that "prejudice is unfair only when it substantially outweighs the probative value of the legitimate purpose for which the evidence is used").

On appeal, defendant also argues that the court erred in admitting testimony that he used the bat to smash the windows of the new partner's car after the fight. He contends this evidence "crossed the line into propensity evidence." To the extent that this argument challenges the admission as impermissible character evidence or of other bad acts under Vermont Rule of Evidence 404, defendant has not demonstrated that the court abused its discretion.[2] The court carefully weighed defendant's argument and concluded that damaging the new partner's car shortly after the fight was evidence of defendant's animus and state of mind toward the new partner. This issue was especially important in that defendant claimed that during the altercation inside he was acting in self-defense. Indeed, defense counsel below conceded she may agree with the court's analysis had the windshield-smash occurred before the fight, but argued that because it happened after the fight it may have been due to being upset at having to defend himself moments earlier inside. But the admissibility of evidence under Rule 404 does not require that evidence to have occurred prior to the charged offense, and it was not an abuse of discretion to let the jury consider the testimony. Finally, the court sensibly excluded images of the damage to the vehicle, concluding the amount of the damage to the vehicle was less relevant than the act of inflicting damage.

Defendant likens this situation to State v. Cardona, 433 P.3d 423, 426-27 (Ore. App. Ct. 2018), where the defendant was charged with assault for punching his former girlfriend because she would not have sex with him. The State also alleged that the defendant committed criminal

---

[2] In pretrial discussions, defendant asserted that testimony regarding the car damage should be excluded on relevancy grounds and because it was impermissible character evidence. At trial, when the girlfriend mentioned the broken windows, defendant objected that this information lacked relevance and was highly prejudicial. Because we conclude that there was no violation of Rule 404, we need not consider whether the objection at trial was adequate to preserve the issue for appeal. See V.R.E. 103(a) (requiring timely objection "stating the specific ground of objection" and providing that if court makes definitive ruling on evidentiary issue, party "need not renew an objection" to preserve claim).

mischief by returning the following day and damaging her property because she would not let him into the apartment. At trial, defendant requested a limiting instruction to prevent the jury from using evidence of the property damage as improper character evidence to support the assault. The trial court denied the request, holding that the incidents were related. On appeal, the appellate court reversed, holding that evidence about the property damage was not relevant to the defendant's motive for committing the assault. Id. at 428-29.

This case differs from Cardona in several key aspects. Unlike Cardona where the property damage happened one day after the alleged assault, here defendant's possession of the bat and smashing of the windshield happened moments before and after the charged offenses. This temporal proximity made defendant's possession of the bat just prior to entering the home and fighting with the new partner indicative of his intent for those crimes. The fact that defendant used the bat to damage the new partner's car moments after the fight was similarly indicative of his mental state. Moreover, whereas in Cardona the crimes were allegedly spurred by different motivations, defendant's intent for physical altercation with the new boyfriend and for illegally entering the home were the same—he was angry with the new partner.

Defendant next contends that the court should have declared a mistrial after the girlfriend made unsolicited statements during her testimony regarding her children's reaction to defendant's behavior because these were prejudicial and intended to draw the jury's sympathy. At trial, during the girlfriend's testimony she indicated that after defendant came to the home she went to her kids "who said that daddy was scaring them." Defendant moved for a mistrial, arguing that this statement was hearsay and designed to inflame the passions of the jury. The court denied the motion for a mistrial, explaining that given the testimony regarding defendant's behavior, "the fact that the children may have found that scary does not add anything new to the state of the evidence." The court instructed the jury to disregard the statement. Shortly thereafter, the girlfriend made an unsolicited comment that her children were there that day. Again, defendant moved for a mistrial. The court denied the motion and again instructed the jury to disregard the statement.

On appeal, defendant argues that the girlfriend's statements regarding the children were overly prejudicial and may have caused the jury to punish him for exposing his children to the events that day. We review the trial court's denial of a motion for mistrial for an abuse of discretion because that court "is best situated to assess whether any comment, in the context of the trial before it, is prejudicial enough to warrant a new trial." State v. Noyes, 2021 VT 50, ¶ 27, 215 Vt. 182 (quotation omitted). "Reversal is therefore appropriate only when the moving party demonstrates prejudice, which must be determined according to the facts of each case in the context of the entire proceeding." State v. Messier, 2005 VT 98, ¶ 15, 178 Vt. 412.

Considering the statements in the context of the entire trial, the court acted well within its discretion here in denying a mistrial. The court promptly provided instructions to the jury to disregard the two brief statements. Absent evidence to the contrary, we presume that the jury followed the court's instructions. See id., ¶¶ 15, 20 (explaining that Court presumes jury heeds instructions and disregards improper statements and holding that "prompt curative instruction eliminated the need for a mistrial"). Moreover, defendant has not demonstrated prejudice because the statements were brief and cumulative of other evidence provided at trial. The girlfriend's comments about the children were minimal compared to the extensive testimony and

4

video evidence regarding defendant's behavior that day. In addition, the fact that the children were present that day was corroborated by defendant's own admitted statement, which recounted that the children were with defendant to drop them off with their mother when he went to the new partner's home. Under these circumstances, defendant has not shown prejudice. See Noyes, 2021 VT 50, ¶ 31 (explaining that prejudicial impact of challenged statements "is gauged by comparing its probative force with the admissible evidence supporting the verdict").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Michael P. Drescher, Associate Justice